**MOTHERSILL D.I.S.C. CORP., et al., Plaintiffs,**

**Abe Ashcanase, Intervenor-Appellee,**

**v.**

**PETROLEOS MEXICANOS, S.A., et al., Defendants,**

**Verdana Shipping, N.V. and Denimar Shipping, N.V., Defendants-Appellants,**

**Ancora Shipping, N.V., Intervenor-Appellant.**

**No. 86–2890.**

United States Court of Appeals, Fifth Circuit.

Oct. 15, 1987.

Merrill Shields, Houston, Tex., for appellants.

Joel Moris Grossman, Beaumont, Tex., for intervenor-appellee.

Before RANDALL, WILLIAMS and GARWOOD, Circuit Judges.

PER CURIAM:

Abe Ashcanase sought intervention in an admiralty action, arising from a series of contracts to construct a marine transportation system in Mexico, after the parties to the original action reached a settlement agreement. The district court allowed the intervention of right and subsequently entered judgment for the intervenor, awarding him payment due for services he performed concerning the Mexican project, 112 FRD 87 (E.D.Tex.1986). Because we conclude that the intervention was improper under the circumstances of this case, we reverse.

### I.

This case began as an admiralty action between parties to a series of interrelated contracts concerning a marine transportation system in Mexico, known as the lighter aboard barge system. The plaintiffs sought damages for an accident that occurred during the construction of the system and for breach of contract. During the course of the litigation, numerous parties asserted claims, but the party ultimately liable for payment was Petroleos Mexicanos, S.A. ("Pemex"), a Mexican governmental agency who originally contracted with Ancora Shipping, N.V. ("Ancora") for construction of the system. On October 30, 1985, the district court entered a "Final Judgment Dismissing Action by Reason of Settlement." In the judgment, however, the court recognized the possibility of an amended final judgment and retained jurisdiction.

The district court subsequently granted three motions to intervene and prohibited distribution of settlement funds until further order of the court. On November 29, 1985, the court entered judgment dismissing the action with prejudice to all pending claims, except the claim of intervenor Abe S. Ashcanase ("Ashcanase"), upon counsels' advice that all parties and prospective parties except Ashcanase had reached a settlement agreement. The court determined that Ashcanase's intervention petition required further consideration, and the court eventually set the matter for trial.

Ashcanase filed a complaint against Ancora, Verdana Shipping, N.V., and Denimar Shipping, N.V. (collectively, "appellants"), Netherlands Antilles corporations and the appellants here. Ashcanase alleged that appellants and his former employer, Armilla International, B.V. or Armilla International (Washington), Inc. (collectively, "Armilla"), non-parties to the suit, comprised a "group" of companies controlled by two Dutch citizens, Gabriel Rybier ("Rybier") and F.A. Ente. Although Ashcanase's pleadings and proof fail to clarify the exact relationships between the various companies, the district court found that Ashcanase proved an alter-ego theory, and for argument, we assume the truth of Ashcanase's assertion that Armilla and appellants constituted a single entity organized to effectuate the project with Pemex. During negotiations with Pemex, Armilla, represented by Ashcanase, served as appellants' agent. For Ashcanase's services, Rybier orally agreed to pay Ashcanase $150,000. Ashcanase later received $37,000 in payments and asserted a claim for the unpaid debt.

Prior to trial, the district court allowed appellants to substitute a bank guarantee for cash received from Pemex and held in their attorneys' trust account. The court

waived the posting of an indemnity bond by Ashcanase. Following a bench trial, the district court concluded that Ashcanase was entitled to intervention of right and consequently, that his claim was within its ancillary jurisdiction. The court's conclusion was based on findings that (1) Ashcanase made a timely application for intervention, (2) he had a pecuniary interest in the settlement funds, (3) disposition of the action without him would impair his ability to protect his interest, and (4) the existing parties would not adequately represent his interest. The court also found that Ashcanase's claim was not time-barred and that appellants, as alter egos of Armilla, were liable for the contractual debt. Accordingly, the court entered judgment against appellants, awarding Ashcanase $113,000 plus post-judgment interest and costs. Appellants jointly filed a notice of appeal from the final judgment.

Appellants contend that the district court committed numerous reversible errors. Appellants urge us to consider issues concerning the following subjects: the district court's subject matter jurisdiction, the statute of limitation applicable to Ashcanase's claim, the propriety of Ashcanase's intervention, the non-joinder of indispensable parties, the appellants' liability for Ashcanase's claim against Armilla, the noncompliance with applicable attachment statutes, the exclusion of appellants' evidence of official documents and corporate records, and the appellants' counterclaim for frivolous litigation. In arguing several of these issues, appellants implicitly challenge the district court's finding that they are alter egos of Armilla. Because we conclude that one of appellants' arguments is dispositive, we address only the issues necessary to our decision.

## II.

The crucial issue in this case is whether the district court properly granted Ashcanase's motion to intervene in the admiralty action. The district court relied on Ashcanase's status as an intervenor of right to establish subject matter jurisdiction of his claim.[1] Thus if the district court erred in concluding that Ashcanase had an absolute right to intervene, Ashcanase was not a proper party to the action, and the court lacked the power to decide the matter. Appellants argue that Ashcanase did not satisfy the requirements that would entitle him to intervene by right. We agree that Ashcanase's claim did not entitle him to intervention of right.

Rule 24(a)(2) of the Federal Rules of Civil Procedure provides an absolute right of intervention to non-parties who satisfy certain requirements.[2] Under this rule, we adhere to the following test:

> "It is well-settled that to intervene as of right each of the four requirements of the rule must be met: (1) the application for intervention must be timely; (2) the applicant must have an interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede his ability to protect that interest; (4) the applicant's interest must be inadequately represented by the existing parties to the suit."

*New Orleans Public Service, Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 463 (5th Cir.1984) (en banc) (quoting *International Tank Terminals, Ltd. v. M/V Acadia Forest*, 579 F.2d 964, 967 (5th Cir. 1978)). Two different standards of review apply to the district court's conclusion that

---

1. Where a person is entitled to intervene by right, the court acquires ancillary jurisdiction of his claim. *See Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 375–76 & n. 18, 98 S.Ct. 2396, 2403 n. 18, 57 L.Ed.2d 274 (1978).

2. Rule 24 states:
   (a) *Intervention of Right.* Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right

to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.
Fed.R.Civ.P. 24(a).

Ashcanase satisfied this test. The district court's determination of timeliness may not be overturned unless the court abused its discretion. *NAACP v. New York*, 413 U.S. 345, 365–66, 93 S.Ct. 2591, 2602–03, 37 L.Ed.2d 648 (1973). The remaining requirements involve questions of law, and the district court's conclusions are freely reviewable. *United States v. Allegheny-Ludlum Industries, Inc.*, 517 F.2d 826, 841 (5th Cir.1975).

The only requirement that appellants concede is that Ashcanase was not adequately represented by any of the parties in the main action. However, Ashcanase could not intervene by right if he failed to meet any one of the four requirements. *See International Tank Terminals*, 579 F.2d at 967. Because we easily conclude that Ashcanase did not have an interest related to the admiralty action, we need not address the timeliness and impairment issues. Thus we focus our discussion on the second requirement.

Intervention of right requires a "direct, substantial, legally protectable interest in the proceedings." *New Orleans Public Service*, 732 F.2d at 463 (quoting *Diaz v. Southern Drilling Corp.*, 427 F.2d 1118, 1124 (5th Cir.), *cert. denied sub nom., Trefina, A.G. v. United States*, 400 U.S. 878, 91 S.Ct. 118, 27 L.Ed.2d 115 (1970)). In this case, the district court found that Ashcanase had such an interest because he had a direct pecuniary interest in the Pemex settlement fund. The court reasoned that Ashcanase's claim was a contractual debt incurred to compensate him for his services in obtaining the contract with Pemex and that Ashcanase sought to satisfy the debt from funds generated by that contract.

Although Ashcanase clearly wished to collect from the settlement fund, he had no direct legal right to do so. Assuming that Ashcanase had a contract with his employer and that the contract promised Ashcanase payment for his work in dealing with Pemex,[3] Ashcanase did not have a legal interest in the proceeds from the Pemex contract. Ashcanase conceded that he claimed an unconditional right to payment from his employer, not one that depended on the success of the Pemex project or on the appellants' ability to recover from Pemex. In essence, Ashcanase's claim was no different from any other unsecured creditor whose claim arose from the project. Thus Ashcanase's interest was distinguishable from that of a person who possessed a security interest or whose claim was contingent on establishing liability in the main action.[4] To determine whether a potential intervenor has a legally protectable interest in the proceedings, we look to substantive law. *New Orleans Public Service*, 732 F.2d at 464. Ashcanase advances no theory that establishes a legal interest in the proceeds of the Pemex contracts.

We do not suggest that a person must possess a pecuniary or property interest to satisfy the requirement of Rule 24(a)(2). However, a property interest is "the most elementary type of right that Rule 24(a) is designed to protect" (*Diaz*, 427 F.2d at 1124), and it is the type of right that Ashcanase asserted here. We believe that Ashcanase's relationship to the main action in this case is analogous to that of the intervenor in *Howse v. S/V "Canada Goose I,"* 641 F.2d 317 (5th Cir. Unit B April 1981). In that case, we held that a substitute custodian's claim for custodial expenses un-

---

**3.** Throughout Ashcanase's pleadings, he consistently stated:

> As compensation for putting together the deal with Pemex, *and other services* to Raybier [sic] and Ente, they contracted to pay [Ashcanase] $150,000.

Record at 80, 95, 118, 203 (emphasis added).

**4.** *See, e.g., Keith v. St. George Packing Co.,* 806 F.2d 525, 526 (5th Cir.1986) (an attorney with a contingent fee contract who was discharged by his client had an absolute right to intervene in the client's later suit to recover on the same

cause of action); *Calvert Fire Ins. Co. v. Environs Development Corp.*, 601 F.2d 851, 858 (5th Cir.1979) (a contractor with an equitable lien on insurance proceeds had an absolute right to intervene in a declaratory judgment action by the insurer to establish various parties' rights to the proceeds); *Diaz*, 427 F.2d at 1124 (the United States had an absolute right of intervention to assert a tax lien on proceeds of a drilling contract in a suit by the drilling company's agents to recover commissions).

der an agreement with the official custodian asserted no interest in the vessel that was the subject of the main action and accordingly, that intervention of right was inappropriate. *See id.* at 320–22. In this case, Ashcanase asserted no interest in the contracts with Pemex but merely claimed under an agreement with his employer. Thus the district court should have denied Ashcanase's intervention of right in the main action.

In *Howse,* we noted that some courts suggest that the nature of an intervenor's interest is less important than the harm that may result from disposition of the main action. *Id.* at 322 (citing *Smuck v. Hobson,* 408 F.2d 175, 178–80 (D.C.Cir. 1969) (en banc)). Indeed, the district court in this case was undoubtedly swayed by Ashcanase's argument that the debt was practically uncollectable without access to appellants' share of the settlement fund. The court also noted that appellants were aliens and that they would transport the funds overseas upon distribution. The necessity of bringing suit in the courts of a foreign country may sufficiently impede the protection of an interest to satisfy the requirement of Rule 24(a). *See Diaz,* 427 F.2d at 1125. However, in this case, as in *Howse,* the consideration of practical harm is irrelevant in the absence of some interest in the main action. *See Howse,* 641 F.2d at 322. Thus, we need not decide the impairment issue.

## III.

We conclude that the district court's order granting Ashcanase's intervention of right was erroneous. Therefore, we reverse that order and vacate the judgment in favor of Ashcanase.

REVERSED.