## MCI TELECOMMUNICATIONS CORPORATION

v.

**The LOGAN GROUP, INC., et al. Fidelty Funding (NC), Inc., Intervenor.**

No. 4:91–CV–559–E.

United States District Court,
N.D. Texas,
Fort Worth Division.

March 30, 1994.

John Crocker Meinrath, MCI Telecommunications Corp., Office of General Counsel, Richardson, TX, Richard Albert Valdes, Page & Addison, Dallas, TX, for MCI Telecommunications Corp.

Randy Lynn Agnew, McLean & Sanders, Fort Worth, TX, for Logan Group Inc, and Communication Specialties, Inc.

*ORDER*

MAHON, District Judge.

After noting a lack of jurisdiction over the claims of Intervenor Fidelity Funding (NC), Inc. ("Fidelity") on the ground stated in Fidelity's Original Petition in Intervention, the Court ordered Fidelity to show a proper jurisdictional basis for its claims. Having reviewed Fidelity's responding briefs, as well as the pleadings in the case, the Court determines that it has no jurisdiction over Fidelity's claims, which must therefore be dismissed.

*PROCEDURAL BACKGROUND*

MCI Telecommunications Corporation ("MCI") filed this action in August 1991. The complaint alleged that defendants, The Logan Group, Inc. and Communication Spe-

cialties, Inc. ("CSI"), had failed to pay for telephone services MCI provided. Defendants counterclaimed, alleging that MCI had erred in its billing of the services provided. In addition, defendants asserted that MCI had willfully failed to pay money collected by MCI and owed to defendant CSI on a separate "900 Service," as a result of which CSI's business suffered consequential damages. In response, MCI denied billing defendants improperly and alleged that the "900 Service" addressed in the counterclaim was governed by a contract requiring arbitration of any disputes arising out of the "900 Service."

In February 1993, Fidelity filed an unopposed motion for leave to intervene in the action to assert claims against MCI. Fidelity alleged that it had been assigned certain of CSI's accounts receivable on the "900 Service" and had informed MCI of the assignment. Fidelity further alleged that prior to purchasing a particular account receivable, it requested and received verification from MCI that the account was owing and would be paid, yet MCI subsequently refused to pay the account on the ground that an unrelated party, Technical Resources, Inc., owed MCI money. Based on these facts, Fidelity asserted claims for fraud and breach of contract. Fidelity's brief in support of the motion to intervene stated that it was entitled to intervention of right under Fed.R.Civ.P. 24(a) because it would not be able to protect its interest in the account receivable unless it intervened in this action. Although the Court was not persuaded that Fidelity met the requirements of intervention of right, since the parties did not oppose the intervention and it appeared that Fidelity's claim had at least one question of fact in common with the main action, the Court permitted Fidelity to intervene.

In January 1994, Fidelity moved for leave to file an amended complaint in intervention. In reviewing the original and proposed amended complaints, the Court noted that Fidelity's only asserted basis of jurisdiction was 28 U.S.C. § 1331, the federal question statute. Fidelity's claims were based on state law, however. In addition, although the pleadings established that MCI and defendants were diverse in citizenship, Fidelity did not allege its state of incorporation, but only its principal place of business. The Court therefore ordered Fidelity to show a proper basis for federal jurisdiction over its claims in intervention.

## ANALYSIS

Fidelity admits there is no diversity between MCI and itself because both are incorporated in Delaware. It also concedes that under the ruling in *MCI Telecommunications Corp. v. Credit Builders of America, Inc.*, 980 F.2d 1021, 1022–23 (5th Cir.), *cert. granted and judgment vacated by* —— U.S. ——, 113 S.Ct. 2925, 124 L.Ed.2d 676 *on remand*, 2 F.3d 103 (5th Cir.) (opinion reinstated), *cert. denied*, —— U.S. ——, 114 S.Ct. 472, 126 L.Ed.2d 424 (1993), the Court does not have federal jurisdiction over its claims or those of the other parties to this action on the ground that MCI's services were provided to defendants in accordance with the terms of MCI's Tariff No. 1, filed with the Federal Communications Commission.

Nevertheless, Fidelity contends that the Court has supplemental jurisdiction over its claims pursuant to 28 U.S.C. § 1367. Section 1367 provides, in part:

(a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

(b) *In any civil action of which the district courts have original jurisdiction founded solely on section 1332 of this title [diversity jurisdiction], the district courts shall not have supplemental jurisdiction* under subsection (a) over claims by plaintiffs against persons made parties under Rule 14, 19, 20, or 24 of the Federal Rules of Civil Procedure, or *over claims by persons* proposed to be joined as plaintiffs

under Rule 19 of such rules, or *seeking to intervene as plaintiffs under Rule 24* of such rules, when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332.

(Emphasis added). Fidelity argues that its claims against MCI are sufficiently related to those in the original action to bring it within the terms of subsection (a). Further, while it is undisputed that the Court has original jurisdiction over this action based solely on diversity, Fidelity claims it is not an intervening plaintiff excluded from supplemental jurisdiction by subsection (b), but instead has intervened as a defendant.

Fidelity bases its position that it is an intervening defendant rather than plaintiff on the practice, followed by courts in reviewing diversity jurisdiction, of aligning parties according to their side of the dispute. *See Lowe v. Ingalls Shipbuilding, A Div. of Litton Systems, Inc.*, 723 F.2d 1173, 1177–78 (5th Cir.1984). *See also Zurn Industries, Inc. v. Acton Construction Co.*, 847 F.2d 234, 236 (5th Cir.1988). Because Fidelity's claims arise out of an account receivable assigned to it by CSI, a defendant, Fidelity argues that it must be considered a defendant, asserting a defense that would otherwise belong to CSI. Fidelity also suggests that jurisdiction exists for its claims because it is an intervenor as of right.

Fidelity's arguments are in error in several respects. Initially, as *Zurn* makes clear, realignment of parties for diversity purposes is done only with respect to the "primary and controlling matter in dispute" and does not include counterclaims of the defendants. *Id.* at 237. Only after diversity jurisdiction is found on the primary claim does a court examine other claims in the action to determine if they are supported by ancillary (now supplemental) jurisdiction or by an independent basis of jurisdiction. *Id.* Here, MCI's original claim was to collect money for telephone services provided to the defendants. Fidelity did not receive those services, had no responsibility for paying for

them and has not disputed those services in this case. Therefore, even under the realignment procedure upon which it relies, Fidelity cannot be characterized as a defendant with respect to the primary claim in this action.

Moreover, the Court is of the opinion that whether Fidelity is an intervening plaintiff for purposes of supplemental jurisdiction must be determined not by the alignment principles of diversity, but by examining why section 1367(b) excludes intervening plaintiffs from supplemental jurisdiction when the sole basis of original jurisdiction is diversity of citizenship. Traditionally, ancillary jurisdiction was exercised when the original claims in an action were supported solely by diversity jurisdiction, to adjudicate related state law claims "by a defending party haled into court against his will, or by another person whose rights might be irretrievably lost unless he could assert them in an ongoing action in a federal court." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 376, 98 S.Ct. 2396, 2404, 57 L.Ed.2d 274 (1978). However, parties who *chose* a federal rather than a state forum to assert state law claims were not permitted to use ancillary jurisdiction to circumvent the requirement of complete diversity. *Id.* at 376–77, 98 S.Ct. at 2403–04. Thus, while named plaintiffs were barred from relying on ancillary jurisdiction, so too were parties such as permissive intervenors who, like plaintiffs, voluntarily chose to litigate their claims in the federal forum. *See, e.g., Mothersill D.I.S.C. Corp. v. Petroleos Mexicanos, S.A.*, 831 F.2d 59, 61–63 (5th Cir. 1987); *Blake v. Pallan*, 554 F.2d 947, 955–56 (9th Cir.1977).

While there are no cases addressing this exact issue, section 1367(b), enacted on December 1, 1990, appears intended to continue these previously established rules.[1] *Cf. Brazinski v. Amoco Petroleum Additives Co.*, 6 F.3d 1176, 1182 (7th Cir.1993) (legislative history shows section 1367 meant to codify, not alter, judge-made principles of pendent jurisdiction). Accordingly, the Court concludes that an intervening "plaintiff" within the terms of section 1367(b) is a party who

---

[1] Section 1367(b) continues to limit the kind of ancillary claims that can be supported by diversity jurisdiction. The Court is unaware of any authority for the proposition that section 1367 broadened parties' right to ancillary jurisdiction.

voluntarily chooses to intervene in an ongoing federal action to assert its own affirmative claims. By contrast, non-plaintiff intervenors entitled to supplemental jurisdiction for their claims are those who must intervene to defend or protect interests put in issue by the federal action and likely to be lost without the party's intervention.[2]

Applying these principles, it appears that Fidelity is a plaintiff with regard to its intervention. That is, Fidelity's complaint in intervention consists of affirmative claims for monetary relief that could have been brought just as easily in a separate state court action. Further, despite Fidelity's conclusory contention that it must intervene in this case to protect its rights in the account receivable it purchased from CSI, the Court can see no way in which the outcome of the original parties' claims will have a binding effect on Fidelity or otherwise prejudice its rights.

Fidelity's claims are based not on its derivative rights arising from the assignment of CSI's account receivable, but on independent interactions that occurred between MCI and Fidelity. Specifically, Fidelity alleges that (1) there was a contract between MCI and itself requiring payment by MCI and (2) MCI fraudulently misrepresented that it would pay Fidelity a certain account receivable. Fidelity's proposed amended complaint amplifies upon its relationship with MCI, adding claims of promissory estoppel and equitable estoppel based on MCI's alleged representation that it would pay Fidelity for the account receivable at issue. These claims are unrelated to MCI's claim against defendants. More specifically, Fidelity's claims are not, as it suggests, defenses to MCI's claim. Nor are Fidelity's claims related to or contingent upon Defendant CSI's counterclaim against MCI. Instead, Fideli-

ty's claims are entirely independent of the other claims in this action, requiring the determination of other facts and relying on different legal precepts. Resolution of MCI's and defendants' claims and counterclaims will have no bearing on the claims asserted by Fidelity in this case. Under these circumstances, the Court concludes that Fidelity is in effect a cross-plaintiff for purposes of its intervention. As such, Fidelity is excluded from supplemental jurisdiction under section 1367(b).

For the same reasons, the Court also concludes Fidelity is not entitled to ancillary jurisdiction as an intervenor of right. Before section 1367 was enacted, it was generally agreed that claims asserted by an intervenor of right did not require a basis of jurisdiction independent of those grounds supporting the original action. *Owen Equipment*, 437 U.S. at 375 n. 18, 98 S.Ct. at 2403 n. 18; *Mothersill*, 831 F.2d at 61 n. 1; *Blake*, 554 F.2d at 955. Claims of permissive intervenors, on the other hand, had to be supported by independent jurisdictional grounds. *See Mothersill*, 831 F.2d at 61–63; *Beckman Industries, Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 473 (9th Cir.), *cert. denied sub nom International Ins. Co. v. Bridgestone/Firestone, Inc.*, — U.S. ——, 113 S.Ct. 197, 121 L.Ed.2d 140 (1992); *Blake*, 554 F.2d at 955–56 (citing cases to this effect). Whether ancillary jurisdiction has survived apart from the incorporation of its principles into supplemental jurisdiction in section 1367 is questionable. In any event, however, because determination of MCI's and defendants' claims will have no bearing on the claims Fidelity has asserted as an intervenor, and because Fidelity has not demonstrated any way in which disposition of the case may as a practical matter impair its interest, the Court finds that Fidelity is not an intervenor of right. *See*

---

**2.** Fidelity argues that if asserting affirmative claims makes an intervening party a plaintiff, then all intervenors would be plaintiffs excluded from supplemental jurisdiction by section 1367(b), and section 1367(a)'s reference to supplemental jurisdiction over intervenors would be meaningless. A review of cases where intervention of right has been granted, however, shows that parties may intervene for purposes other than asserting affirmative claims. For example, in *Ceres Gulf v. Cooper*, 957 F.2d 1199 (5th Cir. 1992), the Director, Office of Workers' Compen-

sation Programs, intervened in an action regarding benefits under the Longshore and Harbor Workers' Compensation Act in order to protect his administrative jurisdiction over claims under the Act and his ability to interpret the relevant law. In *Thurman v. FDIC*, 889 F.2d 1441 (5th Cir.1989), an action by borrowers challenging the validity of two promissory notes, the FDIC in its corporate capacity was permitted to intervene in order to defend the notes, which it had acquired subsequent to the commencement of the action, against allegations of fraud and usury.

Fed.R.Civ.P. 24(a); *Mothersill*, 831 F.2d at 62–63 (party whose claim is not contingent on outcome of claims in main action is not intervenor of right). Under the traditional rules of ancillary jurisdiction, then, Fidelity is not entitled to rely on the diversity jurisdiction supporting the original parties' claims, but must have an independent jurisdictional basis for its claims. As Fidelity concedes, no such independent basis for jurisdiction exists.[3]

### *CONCLUSION*

The Court regrets that its resolution of the jurisdictional issue has come only after Fidelity has incurred time and expense in this action. It was Fidelity's choice, however, to voluntarily intervene in this case on the purported ground of federal jurisdiction under 28 U.S.C. § 1331 *after* the Fifth Circuit had held that MCI's federally regulated tariffs did not provide a basis of federal jurisdiction for what would otherwise be state law claims. Moreover, Fidelity has persisted in denominating its intervention as one of right without ever establishing how its interests could be prejudiced by this action. Accordingly, only after the Court examined the parties' claims more carefully did the jurisdictional problem emerge.

Having determined that there is no supplemental jurisdiction under section 1367 over Fidelity's claims in intervention, and Fidelity having shown no other basis for the Court to exercise jurisdiction over its claims, it is hereby ORDERED that the claims of Fidelity Funding (NC), Inc. are DISMISSED without prejudice. Fidelity's motion for leave to file an amended petition in intervention is therefore MOOT.

---

**3.** Fidelity does suggest that it is entitled to jurisdiction because MCI agreed to its intervention, knowing there was no federal question jurisdiction. It is well-established, however, that a federal court's subject matter jurisdiction cannot be created by the parties' consent, conduct, or even by estoppel. *Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702, 102 S.Ct. 2099, 2104, 72 L.Ed.2d 492 (1982); *Sarmiento v. Texas Bd. of Veterinary Medical Examiners*, 939 F.2d 1242, 1245 (5th Cir.1991).