**HALLCO MANUFACTURING CO., INC.,** an Oregon corporation, Plaintiff,

v.

**Manfred QUAECK and Jane Doe Quaeck** and their marital community; Roach Incorporated, a North Carolina corporation; HMC Sales, Inc., a North Carolina corporation; Western Services, Inc., a Washington corporation; and Robert M. Snellman and Barbara Snellman and their marital community, Defendants.

**Manfred QUAECK, Robert M. Snellman,** Washington residents; and Roach Incorporated, a North Carolina corporation, Third–Party Plaintiffs,

v.

**Olof A. HALLSTROM, Steven A. Hall-** strom and Daniel C. Hallstrom, Oregon residents, Third–Party Defendants.

**Raymond Keith FOSTER, Keith Mfg. Co.,** Inc., and Keith Sales Co., Third–Party Plaintiffs/Applicants for Intervention,

v.

**HALLCO MANUFACTURING CO., INC.,** an Oregon corporation; Olof A. Hallstrom, Steven A. Hallstrom and Daniel C. Hallstrom, Oregon residents; Manfred Quaeck and Jane Doe Quaeck and their marital community; Roach Incorporated, a North Carolina corporation; HMC Sales, Inc., a North Carolina corporation; Western Services, Inc., a Washington corporation; and Robert M. Snellman and Barbara Snellman and their marital community, Third–Party Defendants.

Civ. No. 94–792–FR.

United States District Court, D. Oregon.

April 28, 1995.

---

Kim T. Buckley, Michael J. Esler, Esler, Stephens & Buckley, Portland, OR, for Hallco Mfg. Co., Inc. and Olof A. Hallstrom, Steven A. Hallstrom and Daniel C. Hallstrom.

Allan M. Garten, Tonkon, Torp, Galen, Marmaduke & Booth, Portland, OR, for Western Services, Inc., Manfred Quaeck and Jane Doe Quaeck, Roach Inc., and Robert M. Snellman and Barbara Snellman.

Eric A. Lindenauer, Garvey, Schubert & Barer, Portland, OR, for HMC Sales, Inc.

Gordon W. Stewart, AccuLaw, P.C., Madras, OR, for Raymond Keith Foster, Keith Mfg. Co., Inc. and Keith Sales Co.

FRYE, District Judge:

The matter before the court is the motion of Raymond Keith Foster, Keith Mfg. Co., Inc., and Keith Sales Co. (hereinafter collectively referred to as "Foster") to intervene (# 40).

## BACKGROUND

A jury has heretofore returned a verdict on the merits in favor of Foster and against Hallco Manufacturing Co., Inc. (Hallco), Olof A. Hallstrom, and Robert M. Snellman on the issue of patent infringement. The trial to determine the amount, if any, of Foster's damages is scheduled to begin on September 26, 1995. Foster seeks damages in excess of ten million dollars.

This action was filed by Hallco against the defendants, Manfred Quaeck, Jane Doe Quaeck, Roach Incorporated (Roach), HMC Sales, Inc. (HMC), Western Services, Inc. (Western), Robert M. Snellman, and Barbara Snellman. In its complaint, Hallco alleges that Manfred Quaeck obtained patents that should have been issued to Hallco; that Robert Snellman and Western substantially assisted Quaeck in obtaining the patents that should have been issued to Hallco; that all of the defendants misappropriated Hallco's trade secrets; that Roach or HMC or both of them licensed the patents without Hallco's authority; that Snellman secretly owned Roach and HMC; that Snellman diverted business from Hallco to Roach and HMC; that Snellman usurped Hallco's corporate opportunities and tortiously interfered with Hallco's business; that the defendants engaged in trade defamation by telling Hallco's customers that Hallco could not sell certain equipment because of patents issued to Quaeck; that the Stock Redemption Agreement should be reformed to limit the scope of the release because Snellman fraudulently concealed facts and breached his fiduciary duty; and that Snellman defrauded Hallco.

Quaeck, Snellman and Roach allege as counterclaims that Hallco breached the release and covenant not to sue provisions of the Stock Redemption Agreement, or, in the alternative, that Hallco falsely promised to release Snellman which induced Snellman to sell his stock in Hallco for at least three million dollars less than he would have otherwise sold it. Quaeck, Snellman, and Roach commenced a third-party action against the Hallstroms alleging the same claims against the Hallstroms as they had alleged against Hallco.

Under Rule 24 of the Federal Rules of Civil Procedure, Foster moves for intervention as of right or, in the alternative, for permissive intervention in this action in order to allege claims of fraudulent transfer, constructive fraudulent transfer and conspiracy to defraud against Hallco, the Hallstroms, Snellman and Roach on the basis of the Stock Redemption Agreement. Foster also seeks to allege claims against Hallco and the Hallstroms for fraudulent business transfers and to allege claims against Snellman, Quaeck, Roach, HMC and Western for fraudulent transfers, constructive fraudulent transfers, and for conspiracy to defraud.

## CONTENTIONS OF THE PARTIES

The parties to this action oppose Foster's motion for intervention on the grounds (1) that Foster is not entitled to intervene as of right because Foster does not have a protectable interest in the transaction at issue which is not adequately represented by Hallco; and (2) that Foster should not be granted permissive intervention because this court lacks subject matter jurisdiction over Foster's proposed complaint in intervention. The parties contend that there is no supplemental jurisdiction under 28 U.S.C. § 1367(b) over the proposed claims of Foster because jurisdiction in this action is based on diversity of citizenship, and there is no independent basis for this court to exercise jurisdiction over the claims of Foster. The parties to this action also argue that to allow Foster to intervene in this action will result in undue delay in the adjudication of the case and will bring a halt to the settlement negotiations being conducted between the parties.

Foster contends that it may intervene in this action as a matter of right under Rule

24(a) of the Federal Rules of Civil Procedure because it has a protectable interest in the form of judgment entered against Hallco. Foster also argues that its intervention in this action will not cause undue delay because the parties in this action may post a ten million dollar guarantee that would adequately protect Foster's judgment, and then "[t]here would be no need for resolution of the claims by the Foster Intervenors in [this action]." Reply Memorandum in Support of Foster–Intervenor's Motion to Intervene, p. 10.

With regard to the jurisdictional issue, Foster contends that resolution of that issue should await a motion to dismiss after the court grants its motion to intervene. Foster also argues that the limitation of 28 U.S.C. § 1367(b) on this court's supplemental jurisdiction does not apply because an intervenor as of right is a non-plaintiff intervenor. Foster also argues that the non-diverse parties, Hallco and the Hallstroms, can be dismissed from Foster's claims in order to preserve diversity jurisdiction because they are not indispensable parties.

## APPLICABLE LAW

■ Rule 24 of the Federal Rules of Civil Procedure provides:

(a) **Intervention of Right.** Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

(b) **Permissive Intervention.** Upon timely application anyone may be permitted to intervene in an action: (1) when a statute of the United States confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common. When a party to an action relies for ground of claim or defense upon any statute or executive order administered by a federal or state governmental officer or agency or upon any regulation, order, requirement, or agreement issued or made pursuant to the statute or executive order, the officer or agency upon timely application may be permitted to intervene in the action. In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

As to intervention as of right under Rule 24(a) of the Federal Rules of Civil Procedure, the United States Court of Appeals for the Ninth Circuit applies a four-part test:

(1) the motion must be timely; (2) the applicant must claim a "significantly protectable" interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the parties to the action.

*Sierra Club v. U.S. EPA,* 995 F.2d 1478, 1481 (9th Cir.1993). The rule is to be interpreted broadly in favor of intervention, *Id.;* however, the proposed intervenor has the burden of proving each element, *American Nat'l Bank and Trust Co. v. City of Chicago,* 865 F.2d 144, 146 (7th Cir.1989).

"Permissive intervention to litigate a claim on the merits under Rule 24(b) requires (1) an independent ground for jurisdiction; (2) a timely motion; and (3) a common question of law and fact between the movant's claim or defense and the main action." *Beckman Indus. v. International Ins. Co.,* 966 F.2d 470, 473 (9th Cir.1992).

## ANALYSIS

■ The timeliness of Foster's motion for intervention is not challenged. The issue is whether Foster has a direct and legally protectable interest within the meaning of Rule

24 of the Federal Rules of Civil Procedure that is not adequately represented by the parties to this action.

Even though the amount of damages that Foster may be awarded is unknown, Foster has a judgment against Hallco, Olof A. Hallstrom, and Snellman and therefore has an interest in the outcome of this litigation. Assuming that Foster's interests are direct and legally protectable, the issues are whether Foster's ability to protect its interests will be impaired or impeded by the outcome of this action and whether its interests are adequately represented by the parties to this action.

■ In its complaint, Hallco alleges that the defendants committed fraud, breached their fiduciary duties, and violated the Trade Secrets Act by misappropriating Hallco's assets. The court concludes that Hallco's interest in protecting its assets is at least as strong as Foster's interest as a judgment creditor of Hallco. Here, Foster and Hallco have the same objective, which is to protect the assets of Hallco by seeking damages for the allegedly fraudulent activity of the defendants. Where a proposed intervenor and an existing party have the same ultimate objective, adequacy of representation is presumed even though the parties have different motives to litigate. *Natural Resources Defense Council, Inc. v. New York State Dep't of Envtl. Conservation,* 834 F.2d 60, 62 (2nd Cir.1987). Foster has failed to convince the court that its interests are not adequately represented by Hallco in this action, and Foster is not entitled to intervene as a matter of right in this action under Rule 24(a) of the Federal Rules of Civil Procedure.

■ Foster also moves the court for permissive intervention under Rule 24(b). Permissive intervention requires the proposed intervenor to show an independent basis for jurisdiction. *Beckman Indus. v. International Ins. Co.,* 966 F.2d at 471. Here, Foster acknowledges that its claims involving Hallco and the Hallstroms lack complete diversity. However, Foster contends that supplemental jurisdiction exists under 28 U.S.C. § 1367(a). That section provides:

Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

Subsection (b) provides that:

In any civil action of which the district courts have original jurisdiction founded solely on section 1332 of this title [diversity jurisdiction], the district courts *shall not have supplemental jurisdiction under subsection (a)* . . . over claims by persons . . . seeking to intervene as plaintiffs under Rule 24 of such rules, when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332. (Emphasis added).

Foster argues that subsection (b) does not apply because it is a non-plaintiff intervenor. An intervening plaintiff for purposes of subsection (b) is "a party who voluntarily chooses to intervene in an ongoing federal action to assert its own affirmative claims. By contrast, non-plaintiff intervenors . . . are those who must intervene to defend or protect interests put in issue by the federal action and likely to be lost without the party's intervention." *MCI Telecommunications Corp. v. Logan Group, Inc.,* 848 F.Supp. 86, 88–89 (N.D.Tex.1994). From Foster's proposed complaint in intervention, it is clear that Foster seeks to intervene in order to allege affirmative claims against all of the parties and is therefore intervening as a plaintiff. The court does not have supplemental jurisdiction under 28 U.S.C. § 1367(a) over Foster's proposed complaint in intervention.

■ In the alternative, Foster argues that Hallco and the Hallstroms should be dismissed from its claims because they are not indispensable parties. According to Foster,

Hallco and the Hallstroms are not indispensable parties because they did not receive the assets that Foster seeks to recover. However, Hallco and the Hallstroms are indispensable parties to Foster's claims involving the validity of the Stock Redemption Agreement because they were parties to the Stock Redemption Agreement, and any judgment rendered in their absence would be prejudicial and inadequate. Fed.R.Civ.P. 19(b).

The court would have supplemental jurisdiction over Foster's claims against the Quaecks, Roach, HMC, Western, and the Snellmans because there is complete diversity among the parties. However, those claims are not a proper basis for permissive intervention because Foster's claims are the same as those asserted by Hallco in this action. Because Hallco will adequately represent Foster's interests, a grant of permissive intervention is not necessary. Where proposed intervenors would present no new questions to the court, a motion for permissive intervention is properly denied. *See Oregon Envtl. Council v. Oregon Dep't of Envtl. Quality,* 775 F.Supp. 353 (D.Or.1991). Accordingly, Foster's motion for permissive intervention is denied.

## CONCLUSION

The motion of Raymond Keith Foster, Keith Mfg. Co., Inc., and Keith Sales Co. for intervention (# 40) is denied.