# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-30074

United States Court of Appeals
Fifth Circuit

**FILED**

October 31, 2016

Lyle W. Cayce
Clerk

MICHAEL SWOBODA,

      Plaintiff - Appellee

v.

KARL MANDERS; ET AL,

      Defendants

HECKLER & KOCH, INCORPORATED; HECKLER & KOCH GMBH,

      Movants - Appellants

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:14-CV-19

Before REAVLEY, DAVIS, and JONES, Circuit Judges.

PER CURIAM:*

      Movants-Appellants Heckler & Koch, Inc. and Heckler & Koch, GmbH (collectively, "HK") appeal the district court's denial of its motion to intervene

---

      * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-30074

as a matter of right pursuant to Federal Rule of Civil Procedure ("Rule") 24(a)(2). For the reasons set out below, we **REVERSE** and **REMAND**.

## I.

HK is a U.S. based company that manufactures and sells an extensive range of firearms for military, law enforcement and civilian use, including the G36 submachine gun. Sometime before May 2012, HK received information that German Sports Guns GmbH ("GSG") was illegally manufacturing and selling an airsoft version of the G36 submachine gun. This prompted HK's General Counsel to hire Continental Incorporated, Inc., d/b/a Continental Enterprises ("Continental"), to investigate GSG, and to help HK determine whether it should take legal action to protect its trademark.

Appellee, Michael Swoboda ("Swoboda"), is the president of GSG. He claims to have been unlawfully arrested as a result of Continental's investigation and has filed a lawsuit against Continental and several of its employees.[1] Pursuant to that lawsuit, Swoboda propounded discovery, seeking documents and communications related to Continental's investigation (the "Documents"). After Continental refused to produce the Documents, Swoboda moved to compel discovery.

The district court granted Swodoba's motion insofar as it held that the Documents were not protected by either the attorney-client privilege or the work-product privilege. The court therefore ordered Continental to produce the Documents and to turn them over to Swoboda. Continental filed a motion for reconsideration, which was denied, and HK filed a motion to intervene as a matter of right pursuant to Rule 24(a)(2). HK sought to intervene for the limited purpose of filing a Motion for Protective Order, in which it sought to

---

[1] The parties agree, and we have no reason to doubt, that we have subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332(a)(2).

No. 16-30074

allege that the Documents were, *inter alia*, privileged work product produced by Continental at the direction of HK and in anticipation of litigation. The district court denied HK's motion to intervene, and HK filed the instant appeal.[2] Our standard of review is *de novo*.[3]

## II.

In order to intervene as a matter of right pursuant to Rule 24(a)(2),

(1) The application for intervention must be timely;

(2) The applicant must have an interest relating to the property or transaction which is the subject of the action;

(3) The applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede his ability to protect that interest; and

(4) The applicant's interest must be inadequately represented by the existing parties to the suit.[4]

"Determining the timeliness of a motion to intervene entails consideration of four factors: (1) The length of time during which the would-be intervenor actually knew or reasonably should have known of its interest in the case before it petitioned for leave to intervene; (2) the extent of the prejudice that the existing parties to the litigation may suffer as a result of the would-be intervenor's failure to apply for intervention as soon as it knew or reasonably should have known of its interest in the case; (3) the extent of the prejudice that the would-be intervenor may suffer if intervention is denied; and

---

[2] We have appellate jurisdiction. *See Trans Chem. Ltd. v. China Nat'l Mach. Imp. & Exp. Corp.*, 332 F.3d 815, 821 (5th Cir. 2003) (citing *Edwards v. City of Hous.*, 78 F.3d 983, 992 (5th Cir. 1996) (en banc)).

[3] *Id.* at 822 (citing *Edwards*, 78 F.3d at 995); *see also Ceres Gulf v. Cooper*, 957 F.2d 1199, 1202 n.8 (5th Cir. 1992) (citing *Mothersill D.I.S.C. Corp. v. Petroleos Mexicanos, S.A.*, 831 F.2d 59, 62 (5th Cir. 1987)).

[4] *Entergy Gulf States Louisiana, L.L.C. v. U.S. E.P.A.,* 817 F.3d 198, 203 (5th Cir. 2016) (quoting *Haspel & Davis Milling & Planting Co. v. Bd. of Levee Comm'rs of the Orleans Levee Dist.*, 493 F.3d 570, 578 (5th Cir. 2007)).

No. 16-30074

(4) the existence of unusual circumstances militating either for or against a determination that the application is timely."[5] Swoboda asserts that this case has been pending for more than 625 days and that to allow HK to intervene would only further delay the discovery process. We, however, have "rejected the notion that the date on which the would-be intervenor became aware of the pendency of the action should be used to determine whether it acted promptly," and have held that "[a] better gauge of promptness is the speed with which the would-be intervenor acted when it became aware that its interests would no longer be protected by the original parties."[6]

The record reflects that the district court first ordered Continental to produce the Documents on April 20, 2015. The Documents allegedly include, but are not limited to, communications between HK's General Counsel and Continental, and reports that Continental produced, on behalf of HK, in anticipation of litigation. On May 18, 2015, Continental filed a motion for reconsideration, which was rejected on June 12, 2015. It was at that point that HK became aware that its privilege would not be protected by Continental. HK filed its motion to intervene less than two months later, on July 27, 2015. We hold that HK's decision to wait 45 days before seeking to intervene was not unreasonable and that HK's motion was timely under the circumstances of this case.

Swoboda does not contest that HK has an interest relating to the property or transaction that is the subject of this litigation, nor does Swoboda contest that HK is so situated that the disposition of this action may, as a practical matter, impair or impede its ability to protect that interest. Our

---

[5] *Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir. 1994).
[6] *Id.*

No. 16-30074

examination of the record also persuades us that factors two and three favor intervention, so we move to address factor four.

The district court held that HK's interest was adequately represented by Continental because Continental asserted the work product privilege that HK would have asserted if HK had been allowed to intervene. We disagree with the district court's conclusion that Continental's work product privilege and HK's work product privilege are one and the same. Continental's work product privilege argument was overruled because Continental is a company that engages in investigative work, and the district court concluded that the discovery that Swoboda sought was produced in Continental's ordinary course of business, *i.e.*, in the course of a Continental investigation. HK is a gun manufacturer. Investigations are not a part of HK's ordinary course of business. Some of the discovery that Swoboda sought was, from HK's perspective, prepared in anticipation of litigation. We have held that an applicant-intervenor should be allowed to intervene when it "has a defense not available to the present defendant."[7] HK has a defense unavailable to Continental, and it should have been allowed to present that defense in the district court.

## III.

We **REVERSE** the district court's denial of HK's motion to intervene and **REMAND** to the district court with instructions to allow HK to intervene.

---

[7] *See Bush v. Viterna*, 740 F.2d 350, 357 (5th Cir. 1984).