**Jane ROE, on behalf of herself and others similarly situated, Plaintiff,**

**and**

**Suzanne Morgan, Proposed/Intervening Plaintiff–Appellant,**

**v.**

**TOWN OF HIGHLAND, Richard Rokoczy, Chief of Police, Paula Poe, Highland Police Department Employee and Mr. Suroviak, Highland Police Officer, Defendants–Appellees.**

No. 89–1792.

United States Court of Appeals, Seventh Circuit.

Argued April 19, 1990.

Decided Aug. 14, 1990.

Jan Susler, G. Flint Taylor, Chicago, Ill., Nona L. Noel, Harlan M. Noel, Munster, Ind., for plaintiff and proposed/intervening plaintiff-appellant.

Rhett L. Tauber, R. Brian Woodward, Linda S. Whitton, Anderson, Tauber & Woodward, Merrillville, Ind., for defendants-appellees.

Before WOOD, Jr. and RIPPLE, Circuit Judges, and ESCHBACH, Senior Circuit Judge.

RIPPLE, Circuit Judge.

This is an appeal of the judgment of the district court denying a motion by a member of a putative class to intervene in the action to represent the class on appeal. For the following reasons, we affirm the judgment of the district court.

## I

### FACTS

On April 17, 1987, the original plaintiff in this suit filed a civil rights action challenging the Town of Highland's policy of strip searching women detained for any offense, including traffic offenses. Jane Roe (a pseudonym) was the named plaintiff for a putative class of women who had been strip searched in Highland. On September 2, 1988, the district court denied class certification because of a failure to substantiate the size of the class and the impracticality of joinder. Jane Roe settled her case, and the district court entered final judgment on September 6, 1988. On October 5, 1988, twenty-nine days after entry of judgment, appellant Morgan, represented by Ms. Roe's lawyer, filed a motion for leave to intervene in the action for the purpose of representing the class on the appeal. On the same day, the putative class, also represented by Ms. Roe's lawyer, appealed the denial of class certification. The district court did not rule on the motion to intervene.

The focus of the litigation then shifted to this court. On January 9, 1989, Ms. Morgan moved in this court to intervene. This court denied her motion on January 17, 1989. On January 30, 1989, the court issued a rule to show cause why the class action ought not be dismissed for want of prosecution because no appellant's brief had been filed. The class then moved to dismiss voluntarily the appeal on February 3. This court dismissed the appeal with prejudice on February 7, 1989.

On February 6, 1989—one day prior to our dismissal with prejudice of the class' appeal—Ms. Morgan filed a motion with the district court for a ruling concerning her motion for leave to intervene. The district court denied the intervention motion on March 16, 1989, on the ground that there was no action pending for Ms. Morgan to join. Ms. Morgan filed her notice of appeal on April 13, 1989.

## II

### ANALYSIS

This case comes to us in a procedural tangle. Ms. Morgan claims that her initial

appeal was invalid because she had not yet intervened in the action prior to taking the appeal. She thus asserts that the voluntary dismissal of the first appeal should not preclude our examining the merits of her new appeal. The Town of Highland, on the other hand, argues that the dismissal precludes Ms. Morgan's intervention because there is nothing in which to intervene.

### A. Perfecting an Appeal from the Denial of Class Certification

In *United Airlines, Inc. v. McDonald*, 432 U.S. 385, 97 S.Ct. 2464, 53 L.Ed.2d 423 (1977), the Court considered whether putative class members could intervene for the purpose of taking an appeal of the denial of class certification. The district court in *McDonald* denied class certification of a claim that the airline committed gender discrimination by requiring stewardesses, but not stewards, to remain unmarried. The district court decided that only those stewardesses who had filed charges with the EEOC were eligible to maintain an action, and the class was thus too small to satisfy the numerosity requirement of Fed. R.Civ.P. 23(a)(1). The litigation went forward with the individual claims. Following judgment the individual parties decided not to appeal the denial of class certification. Members of the putative class then moved in the district court to intervene for purposes of taking an appeal, but the district court denied the motion. This court reversed the district court, and the Supreme Court affirmed.

The Court first noted that it would serve no purpose for a putative class member to intervene immediately following the denial of class certification; such intervention would make the intervenor only a "superfluous spectator" because immediate appeal of class certification was impossible. *Id.* at 394 n. 15, 97 S.Ct. at 2470 n. 15. Instead, the putative class members could wait until it is clear that the class representative is not planning to appeal the denial of class certification (e.g., when the rep-

resentative does not appeal following final judgment of the individual suit). The "critical inquiry," according to the Supreme Court, is whether "in view of all the circumstances the intervenor acted promptly after the entry of final judgment." *Id.* at 395-96, 97 S.Ct. at 2470-71.

The critical fact here is that once the entry of final judgment made the adverse class determination appealable, the respondent quickly sought to enter the litigation. In short, as soon as it became clear to the respondent that the interests of the unnamed class members would no longer be protected by the named class representatives, she promptly moved to intervene to protect those interests.

*Id.* at 394, 97 S.Ct. at 2470. In that case, the intervenor filed her motion eighteen days after entry of judgment, and thus securely within the thirty day period allowed for an appeal to be taken. *Id.* at 390, 97 S.Ct. at 2467-68.

The district court in *McDonald* acted promptly and denied the motion within the time period allowed for an appeal. *McDonald* demonstrates that the correct procedure for intervening in a class action for the purpose of appealing the denial of class certification begins with a motion in the district court for leave to intervene; in addition, the moving party should allow the district court sufficient time to rule on the motion. It is possible, however, that a timely motion may not have been acted upon by the time an appeal must be filed. The district court's non-action places the putative intervenor in a difficult situation. Nevertheless, several avenues of relief remain open. The putative class member can file an emergency motion with the district court detailing the need for a ruling so that a timely appeal may be taken. Indeed, the district court may enlarge the time for filing an appeal (up to 30 days), as permitted by Fed.R.App.P. 4(a)(5).[1] Finally, if the motion to intervene has not been acted upon within the time to appeal, the putative

---

**1.** A prospective intervenor recently took this approach by requesting and receiving an extension of time to file a notice of appeal in *Thurman v. FDIC,* 889 F.2d 1441, 1443-44 (5th Cir.

1989). The Fifth Circuit held that the appeal was filed properly and went on to decide the merits of the denial of the motion to intervene. *Id.* at 1447-48.

class member should nonetheless file a timely notice of appeal. Although the filing of the notice would deprive the district court of power to act on the motion to intervene, "the cause may be remanded for that purpose." 9 Moore's Federal Practice ¶ 203.06 at 3–24 n. 10 (2d ed. 1990). In short, a putative intervenor has several viable options for preserving the right of appeal until the district court rules on the intervention motion.

### B. *Application to the Case*

 According to the record before us, Ms. Morgan did not avail herself of any of the procedural avenues that would have given the district court an opportunity to rule on her motion to intervene. She filed her motion to intervene on the same day that she filed her notice of appeal. Moreover, these filings occurred twenty-nine days after rendition of judgment. Thus, as a practical matter, Ms. Morgan did not afford the district court ample time to rule on her motion in an orderly fashion; at the same time, Ms. Morgan undercut the motion to intervene by filing the notice of appeal. Filing a notice of appeal generally divests the district court of its jurisdiction over the case. *Apostol v. Gallion*, 870 F.2d 1335, 1337 (7th Cir.1989) (district court divested of jurisdiction over issues involved in the appeal).[2]

Ms. Morgan compounded the procedural morass by moving to intervene in this court rather than requesting a remand to permit the district court to rule on the matter. Later, her counsel moved to dismiss voluntarily the appeal in this court. *See* Fed.R. App.P. 42(b). This voluntary dismissal motion came in apparent response to a rule to show cause why the case ought not be dismissed for failure to file an appellate brief and gave no indication that counsel, acting on behalf of Ms. Morgan, intended to pursue the matter further in the district court.[3] Given the dismissal of the appeal, Ms. Morgan is now foreclosed from appealing the denial of the motion to intervene or the order denying class certification. There is simply no action in which she may intervene.[4] Accordingly, the district court did not abuse its discretion by denying Ms. Morgan's motion to intervene. *See First Interstate Bank v. Chapman & Cutler*, 837 F.2d 775, 782 (7th Cir.1988) (denial of intervention reviewed under abuse of discretion standard); *Wakeen v. Hoffman House, Inc.*, 724 F.2d 1238, 1245 (7th Cir. 1983) (same).

For the foregoing reasons, we affirm the judgment of the district court.

Affirmed.

---

**2.** We note, however, that the Third Circuit has held that a motion to intervene should be considered even if it is filed after a notice of appeal. *Halderman v. Pennhurst State School & Hosp.*, 612 F.2d 131, 134 (3d Cir.1979) (en banc). However, *Halderman* was rejected by the Fifth Circuit in *Avoyelles Sportsmen's League, Inc. v. Marsh*, 715 F.2d 897, 928 (5th Cir.1983) (collecting cases holding that filing notice of appeal divests district court of jurisdiction to rule on motion to intervene).

**3.** It was only through a response filed by the appellees after the order of dismissal had been rendered that this court became aware that the appellant desired to continue the litigation in the district court.

**4.** Even if we were able to discover some procedural solution to the errors made by Ms. Morgan, we would be inclined to affirm the district court in its decision not to certify a class in this case. Certification of a class action is reviewed under the abuse of discretion standard. *Mar-*

*cial v. Coronet Ins. Co.*, 880 F.2d 954, 957 (7th Cir.1989); *First Interstate Bank v. Chapman & Cutler*, 837 F.2d 775, 781 (7th Cir.1988); *Secretary of Labor v. Fitzsimmons*, 805 F.2d 682, 697 (7th Cir.1986) (en banc). The district court relied on the fact that Ms. Roe did not supply it with a list of women detained between 1982 and 1986, although she claimed to have such a list. The party supporting a class action has the burden of demonstrating the numerosity requirement of a class action, and "mere speculation as to the number of parties involved is not sufficient to satisfy Rule 23(a)(1)." 7A C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 1762 at 164 (2d ed. 1986). The party supporting the class cannot rely on "conclusory allegations that joinder is impractical or on speculation as to the size of the class in order to prove numerosity." *Marcial*, 880 F.2d at 957; *see also, Valentino v. Howlett*, 528 F.2d 975, 978 (7th Cir.1976).