14 F.3d 600
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Arthur Ray BOWLING, et al., Plaintiff-Appellees,
Elizabeth W. Ridgeway, et al., Class Members-Appellants,
v.
PFIZER, INC., et al., Defendants-Appellees.
 No. 92-4297.
 United States Court of Appeals, Sixth Circuit.
 Dec. 21, 1993.
 
 Before: RYAN and SUHRHEINRICH, Circuit Judges; LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 Elizabeth W. Ridgeway, Rosemary Grunsby, and Fred Grunsby appeal the district court's order declining to rule on their belated motion to intervene in this class action. The appellants are unnamed class members who object to the settlement that has been reached between the plaintiff class, represented by Arthur Ray Bowling, and the defendants, Pfizer, Inc., et al. The sole issue in this appeal is whether the district court had jurisdiction to decide the appellant's motion to intervene, which was filed after their notice of appeal was filed. The members of the panel unanimously agree that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 On September 10, 1992, the district court issued a sixty-four page opinion approving the settlement of the class action litigation. Bowling v. Pfizer, Inc., 143 F.R.D. 141 (S.D.Ohio 1992). The appellants filed a notice of appeal on September 17, 1992, and then on September 24, 1992, filed a motion to intervene in the district court. Concluding that the notice of appeal divested it of jurisdiction, the district court declined to rule on the motion to intervene. The appellants now contend that under United Airlines v. McDonald, 432 U.S. 385 (1977), a district court retains jurisdiction to consider a motion to intervene even after a notice of appeal has been filed. We disagree.
 
 
 3
 In McDonald, the Supreme Court held that putative class members could intervene for the purpose of taking an appeal of the denial of class certification even though their motion was made after entry of a final judgment. Id. at 394-95. In McDonald, however, the unnamed class members moved to intervene before filing a notice of appeal. Id. at 390. In contrast, the appellants filed their motion to intervene after filing a notice of appeal.
 
 
 4
 As a general rule, a notice of appeal deprives the district court of jurisdiction over the action and transfers jurisdiction to the appellate court. Lewis v. Alexander, 987 F.2d 392, 394 (6th Cir.1993). In Roe v. Town of Highland, 909 F.2d 1097, 1100 (7th Cir.1990), the Seventh Circuit held that there simply was no action in which a putative class member could intervene where she filed her motion to intervene on the same day that she filed her notice of appeal. We agree, and we conclude that because the appellant's notice of appeal divested the district court of jurisdiction, the district court quite correctly declined to rule on the motion.
 
 
 5
 Therefore, the district court's order is affirmed.