67 F.3d 293
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
John L. BALTIMORE; Charles Boller; Jerry Flynn; John
Flynn; Christine Folks, ex rel. Alfred Folks; Charles W.
Green; Lewis Johnson; Philip E. Mcafee, Jr.; Jerome
Smith; John Spencer; James Travis; John Payton;
Catherine D. Turner, widow of Robert J. Turner, Plaintiffs-Appellants,
and
Allen BALTIMORE; Bobby Baltimore; Edward Baltimore;
Steven Diggs; Copthorne Fitzhugh; Kevin Folkes; Troy
Ford; Darnell Poles; Ervin Porter; Michael Roy; Kelvin
Whitmore; Bennett Roy; Mark Hembry; Thomas Porter;
Wallace Woodson; Randolph Deneal, Appellants,
and
UNION BOILER COMPANY, Defendant-Appellant,
and
NAACP LABOR COMMITTEE OF FRONT ROYAL, VIRGINIA; Richard
Fitzhugh, Plaintiffs,
v.
LABORERS' INTERNATIONAL UNION OF NORTH AMERICA; Riggs
Distler and Company, Incorporated; Laborers
International Union of North America,
Local 691, Defendants-Appellees,
and
Avtex FIBERS, Incorporated; Derflinger and Powell
Construction Company; Union Boilers, Front Royal,
Virginia, Defendants.
 No. 93-1810.
 United States Court of Appeals, Fourth Circuit.
 Submitted: March 28, 1995.
Decided: October 2, 1995.
 
 John L. Baltimore, Charles Boller, Jerry Flynn, John Flynn, Christine Folks, Lewis Johnson, Jerome Smith, John Spencer, James Travis, Catherine D. Turner, Allen Baltimore, Bobby Baltimore, Edward Baltimore, Steven Diggs, Copthorne Fitzhugh, Kevin Folkes, Troy Ford, Darnell Poles, Ervin Porter, Michael Roy, Kelvin Whitmore, Appellants Pro Se; Erin M. Sweeney, Arent, Fox, Kintner, Plotkin & Kahn, Washington, DC, for Appellants. Joan L. Casale, Bowles, Rice, McDavid, Graff & Love, Martinsburg, WV; Laurence Edward Gold, Washington, D.C.; Michael C. Warlow, Wright, Constable & Skeen, Baltimore, MD; Roger Allen Ritchie, Roger A. Ritchie & Associate, Harrisonburg, VA, for Appellees.
 Before WILKINSON, WILKINS, and HAMILTON, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Appellants appeal the district court's orders denying class certification, overruling objections to the magistrate judge's orders entered May 7 and May 29, 1992, and granting summary judgment for Defendants on their action alleging racial discrimination in employment in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Secs. 2000e to 2000e-16 (West 1981 & Supp.1994), and 42 U.S.C. Sec. 1981 (1988). For the reasons set forth below, we affirm all three orders.
 
 
 2
 Appellants first contend that the district court erred in denying them class certification pursuant to Fed.R.Civ.P. 23, on the basis that the purported class failed to satisfy the numerosity requirement of Rule 23(a)(1). This Court will not reverse a district court's finding that joinder is practicable absent an abuse of discretion. In re A.H. Robins Co., 880 F.2d 709, 728-29 (4th Cir.), cert. denied, 493 U.S. 959 (1989). Moreover, the "[p]racticability of joinder depends on many factors, including, for example, the size of the class, ease of identifying its numbers and determining their addresses, facility of making service on them if joined and their geographic dispersion." Kilgo v. Bowman Transp., Inc., 789 F.2d 859, 878 (11th Cir.1986). In addition, this Court generally accords great deference to the district court's determinations in class certification decisions, particularly where the class to be certified is unified solely on the basis of common racial identity. Simmons v. Poe, 47 F.3d 1370 (4th Cir.1995).
 
 
 3
 In this case, we conclude that the district court did not abuse its discretion in finding that the numerosity requirement had not been met. The majority of the members of the proposed class were identified, the members probably reside within an established jurisdictional boundary, and the district court could exercise its own equitable powers to assure that the litigants are not deprived of access to the judicial system. Moreover, we find that the district court properly rejected Plaintiffs' contention that the numerosity requirement to class certification is demonstrated merely by including a claim for discouraged workers. See Roe v. Town of Highland, 909 F.2d 1097, 1100 (7th Cir.1990) (quoting 7A Charles A. Wright, Arthur R. Miller & Mary K. Kane, Federal Practice & Procedure Sec. 1762 at 164 (2d ed.1986) ("mere speculation as to the number of parties involved is not sufficient to satisfy Rule 23(a)(1).")); see generally General Tel. Co. of Southwest v. Falcon, 457 U.S. 147, 157-58 (1982).
 
 
 4
 Appellants also contend that the district court abused its discretion in overruling objections to the magistrate judge's orders entered May 7 and May 29, 1992. A district court is permitted wide latitude in controlling the course and scope of discovery, subject to review for abuse of discretion on appeal. See Vodrey v. Golden, 864 F.2d 28, 32 (4th Cir.1988). While Appellants' contention that the pre-trial order and the magistrate judge's May 7 and May 29, 1992, orders in this case conflict as to the issue of expert witness discovery on damages is well-taken, we find that the district court did not abuse its discretion in upholding the magistrate's orders precluding expert discovery on damages.
 
 
 5
 First, as of the time the magistrate judge first ruled on the issue of expert discovery, Plaintiffs had over two years from the time they filed their complaint on April 20, 1990, in which to engage and identify expert witnesses. In addition, in light of the district court's ultimate grant of summary judgment in favor of Defendants, any error in upholding the magistrate judge's alleged sua sponte order precluding expert discovery on damages was harmless.
 
 
 6
 Appellants also claim that the district court erred in granting summary judgment in favor of Defendants. Summary judgment is appropriate only when there is no genuine issue of material fact that could lead a trier of fact to find for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986); Miller v. Leathers, 913 F.2d 1085, 1087 (4th Cir.1990) (en banc), cert. denied, 498 U.S. 1109 (1991). "In determining whether to grant summary judgment, all justifiable inferences must be drawn in favor of the non-movant." Miltier v. Beorn, 896 F.2d 848, 852 (4th Cir.1990) (citing Anderson, 477 U.S. at 255). This Court reviews de novo a district court's grant of summary judgment. Shaw v. Stroud, 13 F.3d 791, 798 (4th Cir.1994), cert. denied, 63 U.S.L.W. 3257 (U.S.1994).
 
 
 7
 To raise a genuine issue of material fact, a petitioner may not rest upon the mere allegations or denials of his pleadings. Fed.R.Civ.P. 56(e). Rather, he must present evidence supporting his position through "depositions, answers to interrogatories, and admissions on file, together with ... affidavits, if any." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986) (quoting Fed.R.Civ.P. 56(c)). Specific material evidentiary facts, not unsupported speculation, must be shown to overcome summary judgment. Ash v. United Parcel Serv., Inc., 800 F.2d 409, 411-12 (4th Cir.1986).
 
 
 8
 After careful consideration of the district court's cogent and detailed memorandum opinion, as well as the record on appeal, and the claims raised on appeal, we find that the district court properly granted summary judgment in favor of Defendants. Accordingly, we affirm on the reasoning of the district court. NAACP Labor Comm. of Front Royal, Virginia v. Laborers' Int'l Union of N. A., No. 90-0073-H (W.D.Va. May 24, 1993).
 
 
 9
 Based on the foregoing, we affirm the district court's orders denying class certification, overruling objections to the magistrate judge's orders entered May 7 and May 29, 1992, and granting summary judgment for Defendants. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED