In the

# United States Court of Appeals
## For the Seventh Circuit

No. 09-1883

FLYING J, INC.,

*Plaintiff-Appellee*,

*v.*

J.B. VAN HOLLEN, Attorney General of Wisconsin, *et al.*,

*Defendants*.

WISCONSIN PETROLEUM MARKETERS
& CONVENIENCE STORE ASSOCIATION,

*Proposed Intervenor-Appellant*.

Appeal from the United States District Court
for the Eastern District of Wisconsin.
No. 08-C-110—**Rudolph T. Randa**, *Chief Judge*.

ARGUED JUNE 2, 2009—DECIDED AUGUST 20, 2009

Before POSNER, RIPPLE, and KANNE, *Circuit Judges*.

POSNER, *Circuit Judge*. The Wisconsin Uniform Sales Act, Wis. Stat. § 100.30, forbids retail sellers of gasoline to sell their product below cost plus a markup equal to the higher of 6 percent of the retailer's cost or 9.18 percent

of the wholesale price of the product. The Act authorizes injunctive and monetary remedies both in suits by the state, and in private suits by persons injured by a violation of the Act. *Id*., §§ 100.30(4), (5), (5m). Flying J, which sells gasoline at truck stops, brought this suit in federal court against the state to enjoin the enforcement of the Act, on the ground that it is preempted by the Sherman Act. The district court agreed that it was preempted and issued the injunction—whereupon the state threw in the towel and decided not to appeal.

Before the 30-day limit for filing a notice of appeal had expired, an association of Wisconsin gasoline dealers moved for leave to intervene in the district court both as a matter of right under Rule 24(a)(2) of the Federal Rules of Civil Procedure and alternatively as a permissive intervenor under Rule 24(b)(1)(B). It wanted to intervene in order to be able both to ask the district judge to reconsider his decision and, if he refused to change it, to appeal. The district judge extended the time for filing the notice of appeal in order to give himself time to consider the motion. Before the extended deadline for filing an appeal expired, he denied the motion to intervene. The appeal asks us to reverse that denial and either request the parties to submit briefs on the merits of the district court's decision, or remand the case with directions that the district judge reconsider his decision in light of the arguments made in the association's motion to reconsider.

The judge denied intervention as of right on the ground that the association (which is to say its members, since the

association's standing to litigate the case is derivative from their standing) lacks the required interest in the litigation to authorize such intervention, and alternatively that the motion to intervene was not timely, as the rule requires though without specifying a time limit. The judge denied the request for permissive intervention on the ground that it was untimely also.

No one can maintain an action in a federal court, including an appeal, unless he has standing to sue, in the sense required by Article III of the Constitution—that is, unless he can show injury (in a special sense, noted below) and that he would benefit from a decision in his favor. But the interest required by Article III is not enough by itself to allow a person to intervene in a federal suit and thus become a party to it. There must be more. Rule 24(a)(2) requires that the applicant claim "an interest relating to the property or transaction that is the subject of the action." "Interest" is not defined, but the case law makes clear that more than the minimum Article III interest is required. Cases say for example that a mere "economic interest" is not enough. E.g., *In re Lease Oil Antitrust Litigation*, 2009 WL 1479410, at *5-6 (5th Cir. May 28, 2009); *Mountain Top Condominium Ass'n v. Dave Stabbert Master Builder, Inc.*, 72 F.3d 361, 366 (3d Cir. 1995); cf. *Reich v. ABC/York-Estes Corp.*, 64 F.3d 316, 322-23 (7th Cir. 1995). While that is a confusing formulation—most civil litigation is based on nothing more than an "economic interest"—all that the cases mean is that the fact that you might anticipate a benefit from a judgment in favor of one of the parties to a lawsuit—maybe you're a creditor of one of them—does not entitle you to intervene in their

suit. *United States v. Alisal Water Corp.*, 370 F.3d 915, 920-21 (9th Cir. 2004); *Mothersill D.I.S.C. Corp. v. Petroleos Mexicanos*, S.A., 831 F.2d 59, 62-63 (5th Cir. 1987); see *Medical Liability Mutual Ins. Co. v. Alan Curtis LLC*, 485 F.3d 1006, 1008-09 (8th Cir. 2007).

The reason is practical, and also obvious: the effects of a judgment in or a settlement of a lawsuit can ramify throughout the economy, inflicting hurt difficult to prove on countless strangers to the litigation. Remoteness of injury is a standard ground for denying a person the rights of a party to a lawsuit. It is one of the "prudential" (as distinct from constitutional) limitations on standing to sue, e.g., *Blue Shield of Virginia v. McCready*, 457 U.S. 465, 476-78 (1982); *MainStreet Organization of Realtors v. Calumet City*, 505 F.3d 742, 744-47 (7th Cir. 2007), whereas "a modest probability of injury is enough for standing" in the Article III sense. *Wiesmueller v. Kosobucki*, No. 08-2527, 2009 WL 1956335, at *3 (7th Cir. July 9, 2009); see *Northeastern Florida Chapter of Associated General Contractors v. City of Jacksonville*, 508 U.S. 656, 664-66 (1993); *Pennell v. City of San Jose*, 485 U.S. 1, 6-8 (1988).

Another dimension of the "interest" required for intervention as a matter of right, also borrowed from (though not necessarily identical to) the prudential as distinct from the Article III concept of standing, is that the suitor be someone whom the law on which his claim is founded was intended to protect. *New York Public Interest Research Group, Inc. v. Regents of University*, 516 F.2d 350, 352 (2d Cir. 1975) (per curiam); see *Allen v. Wright*, 468 U.S. 737, 750-51 (1984). That's not a problem

in this case. Wisconsin's "Unfair Sales Act" is special-interest legislation and the special interest is that of retailers who wish, naturally enough, to limit price competition. They are the statute's direct beneficiaries, as shown by the fact that the statute authorizes them to sue to enforce it against price cutters if they can prove injury. Invalidation of the statute would deprive them of the benefit not only of that remedy but also of the principal remedy provided by the statute—public enforcement by a variety of means none requiring proof of injury. The state may sue for civil penalties, Wis. Stat. § 100.30(4), impose cease and desist orders the violation of which incurs a civil penalty, § 100.30(5)(a), and sue to enjoin violations without having to show that its remedy at law is inadequate. § 100.30(5)(b). None of these remedies is available to a private person.

The interest of the private persons intended to be benefited by the Unfair Sales Act in the preservation of this remedial scheme is therefore sufficient to warrant intervention under Rule 24(a)(2), provided that the retailers would be directly rather than remotely harmed by the invalidation of the statute. They would be; they would lose much or even all of their business to their larger, more efficient competitors.

Nor do we think the association's motion to intervene, even though not filed until the district judge had entered his final judgment, was untimely—assuming that all the association wants is to take an appeal (a question we discuss below, and answer in the affirmative). If it wants to present evidence, then its motion was indeed untimely.

It was content for the state attorney general to defend the statute until he decided not to appeal. Its champion, the attorney general, having lost the case, it cannot be allowed to subject the winning party to another trial. *United States v. American Tel. & Tel. Co.*, 642 F.2d 1285, 1294-95 (D.C. Cir. 1980); *Smuck v. Hobson*, 408 F.2d 175, 181-82 (D.C. Cir. 1969) (en banc); see David L. Shapiro, "Some Thoughts on Intervention Before Courts, Agencies, and Arbitrators," 81 *Harv. L. Rev.* 721, 752-56 (1968).

Had the association sought to intervene earlier, its motion would doubtless (and properly) have been denied on the ground that the state's attorney general was defending the statute and that adding another defendant would simply complicate the litigation. For there was nothing to indicate that the attorney general was planning to throw the case—until he did so by failing to appeal. At that point the objection to intervention, as long as taking new evidence was not contemplated, evaporated.

Another requirement for intervention as a matter of right under Rule 24(a)(2)—that "the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest"—presents a greater obstacle to the association's intervening as a matter of right because there is nothing to prevent a member who is injured by pricing in violation of the Unfair Sales Act to sue the violator. There would be no defense of res judicata, because neither the association nor any of its members is (as yet) a party to the present suit. It is true that concern

with the stare decisis effect of a decision can be a ground for intervention, *New York Public Interest Research Group, Inc. v. Regents of University*, *supra*, 516 F.2d at 352; *Atlantis Development Corp. v. United States*, 379 F.2d 818, 826, 828 (5th Cir. 1967), because courts are reluctant to overrule a precedent. But the decision of a district court has no authority as precedent. *Matheny v. United States*, 469 F.3d 1093, 1097 (7th Cir. 2006). And unless intervention is permitted, there is no way in which the district court's decision in this case could be appealed and thus, if affirmed, give rise to a precedent that would impede the association's ability to overturn the invalidation of the Unfair Sales Act in another suit.

Still, to make the association start over, when all it really seeks by way of intervention (as we explain below) is an opportunity to litigate an appeal, would impose substantial inconvenience on the association with no offsetting gain that we can see. That inconvenience is an "impediment" that can be removed, without prejudice to its opponent, by allowing intervention. See *Natural Resources Defense Council v. Costle*, 561 F.2d 904, 910-11 (D.C. Cir. 1977).

Furthermore, even if the "impediment" were considered insufficient to justify intervention as a matter of right, there is the association's argument for *permissive* intervention to consider. Neither the "impair or impede" requirement nor the "interest" requirement is repeated in the subpart of Rule 24 that governs permissive intervention. All that is required by Rule 24(b)(1)(B), so far as relates to this case, is that the applicant's claim or defense

and the main action have a question of law or fact in common. That requirement is satisfied because the association wants to present the same defense that the defendants presented. Like anyone who wants to maintain an action in federal court, the association has to have standing in the Article III sense—but it does.

The motion to intervene has to be timely, but at argument we extracted from the association a reluctant acknowledgment that all it really wants is a ruling by us (for there is no point in its seeking reconsideration by the district court on the identical record) that the Unfair Sales Act is not preempted. The association does not want to present evidence—if it did, its Rule 24(b) claim would be untimely for the same reason that, on the same assumption, its Rule 24(a) claim would be.

With evidence not an issue, the only ground that the district judge gave for denying intervention was that intervention "would result in an appeal that is otherwise not forthcoming." That is not an adequate ground, when the only reason there would be no appeal is that the losing party had abandoned the case. To allow the substitution of a party that has a legally protectable interest in the statute enjoined by the district court is as proper as permitting an unnamed class member in a class action suit to intervene when the class representative drops out. *United Airlines, Inc. v. McDonald*, 432 US 385, 394-96 (1977); *Rogers v. Paul*, 382 U.S. 198, 199 (1965) (per curiam); *Roe v. Town of Highland*, 909 F.2d 1097, 1099-1100 (7th Cir. 1990); see *Wiesmueller v. Kosobucki*, 513 F.3d 784, 786 (7th Cir. 2008). There is no prejudice to Flying J,

because it could not have assumed that, if it won in the district court, there would be no appeal. *United States v. American Tel. & Tel. Co., supra*, 642 F.2d at 1294-95; *Meek v. Metropolitan Dade County*, 985 F.2d 1471, 1478-80 (11th Cir. 1993) (per curiam), overruled on other grounds by *Dillard v. Chilton County Commission*, 495 F.3d 1324 (11th Cir. 2007). It's not as if it had incurred litigation costs in a reasonable expectation that they would not be magnified by an appeal. It must have been as surprised as the association was when the attorney general decided not to appeal a decision holding a Wisconsin statute unconstitutional. There was, in short, no reliance by Flying J on the attorney general's abandoning the case.

Although it might seem to follow from our analysis that we should remand the case with directions that the district court grant the motion to intervene and extend the time for filing a notice of appeal from the judgment on the merits for 30 days from the date of the motion, there is no point in doing that, since the association's only valid goal in intervening was to litigate the case on appeal. And so to save time we shall, like the Eleventh Circuit in the *Meek* case, treat the intervenor as the appellant from the judgment on the merits and direct briefing to proceed in the usual manner, except that the appeal will be decided by this panel. 985 F.2d at 1480 n. 3; see also *Edwards v. City of Houston*, 37 F.3d 1097, 1108, 1116 (5th Cir. 1994). (Indeed, we cannot understand why the parties did not brief the merits.) The parties will want to pay particular attention to the

bearing on the district court's decision of *Exxon Corp. v. Governor of Maryland*, 437 U.S. 117 (1978).

VACATED.