In the

# United States Court of Appeals
## For the Seventh Circuit

No. 11-3731

CE DESIGN, LTD., individually and
as the representative of a class of
similarly situated persons,

*Plaintiff-Appellee,*

*v.*

CY'S CRAB HOUSE NORTH, INC., and
CY'S CRABHOUSE & SEAFOOD GRILL, INC.,

*Defendants,*

*and*

TRUCK INSURANCE EXCHANGE,

*Proposed Intervenor-Appellant.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 07 C 5456 — **Matthew F. Kennelly**, *Judge.*

ARGUED SEPTEMBER 13, 2012 — DECIDED SEPTEMBER 30, 2013

Before MANION, SYKES, and HAMILTON, *Circuit Judges*.

SYKES, *Circuit Judge*. This appeal arises from the world of high-stakes fax-spam litigation. We deal here with a discrete procedural issue that affects appellate jurisdiction. After the district court entered final judgment approving a settlement between the plaintiff class and the defendants, the defendants' insurer moved to intervene for the purpose of undoing the settlement and seeking class decertification based on misconduct by class counsel. The district court denied the motion as untimely, and the insurer appealed.

The insurer's notice of appeal purports to bring up the district court's order denying intervention *and* the final judgment. The notice was timely as to the former but not the latter. So although we have jurisdiction to review the order denying intervention, we cannot grant any meaningful relief because we lack jurisdiction to review the final judgment. Accordingly, we dismiss the appeal for lack of jurisdiction. We note for completeness that the insurer's argument in support of intervention—that certain misconduct by class counsel necessitates decertification of the class—has been rejected in a recent decision involving the same events and attorneys. *See Reliable Money Order, Inc. v. McKnight Sales Co.*, 704 F.3d 489 (7th Cir. 2013).

## I. Background

The underlying facts have been the subject of several other appeals involving the same litigants, events, and attorneys; because the factual background is not relevant to the jurisdic-

tional question, we direct interested readers to our discussions in *Reliable Money Order*, 704 F.3d at 493–97; *Creative Montessori Learning Centers v. Ashford Gear LLC*, 662 F.3d 913, 915 (7th Cir. 2011); and *CE Design Ltd. v. King Architectural Metals, Inc.*, 637 F.3d 721, 723–24 (7th Cir. 2011). To resolve this appeal, we need only recount a few procedural details of the case.

Plaintiff CE Design is "a small civil engineering firm in the Chicago area that, unusually for a business firm, is an avid class-action plaintiff[, having] filed at least 150 class action suits under the Telephone Consumer Protection Act." *CE Design Ltd.*, 637 F.3d at 723. This case is one of them. CE Design sued Cy's Crab House North, Inc., and Cy's Crabhouse & Seafood Grill, Inc., on behalf of a class of junk-fax recipients. Putative intervenor and appellant Truck Insurance Exchange is the liability carrier for the Cy's Crab House restaurants and has been involved in this litigation from the beginning, providing a defense under a reservation of rights.

The case was certified as a class action, and after four years of litigation, it proceeded to trial in October 2010. In the middle of trial, without notifying or obtaining consent from their insurer, the defendants settled with the class, putting the insurer's policy limits on the hook. Substitution of counsel and state-court coverage litigation ensued. A year later, on October 27, 2011, the district court approved the final settlement and entered final judgment.

On November 22, 2011—not quite a month later—this court issued its decision in *Ashford Gear* casting significant doubt on the conduct of class counsel. 662 F.3d at 917–19. The panel opinion in *Ashford Gear* vacated the class certification and

remanded to the district court for application of a newly explicated standard for evaluating misconduct by class counsel. *Id.* at 919.

In light of *Ashford Gear*, Truck Insurance moved to intervene in this case for the purpose of reopening the judgment, challenging the settlement, and seeking decertification of the class based on the misconduct of class counsel. The intervention motion was filed on November 23, 2011, the day after our decision in *Ashford Gear* was released. As of that date, the 30-day time period to appeal the judgment had not yet run. See 28 U.S.C. § 2107; FED. R. APP. P 4(a)(1)(A). At this point Truck Insurance could have filed a contingent notice of appeal from the judgment to protect its interests should intervention be granted, either by the district court or this court. It did not do so. Instead, in its motion to intervene, Truck Insurance asked the district court for a 14-day extension of the time to appeal.

The district court held a hearing on the intervention motion on November 28, 2011, which was the last day to appeal the judgment. The judge expressed some "pretty serious concerns about [the] timeliness" of the intervention motion and gave Truck Insurance a day to file a reply brief on the question. The judge rescheduled the hearing to December 1 and said, "I will rule on [the motion] then." This prompted a discussion about the time limit for filing an appeal from the judgment. The judge noted that under Rule 4(a)(5) of the Federal Rules of Appellate Procedure, "I can extend the time to file a notice of appeal if a party so moves … no later than 30 days after the time expires." Counsel for Truck Insurance pointed out that the insurer wasn't a party yet. The judge replied, "If I grant the

motion to intervene, … that relates back to the day that you filed the motion to intervene." Referring to the deadline to appeal the judgment, the judge told counsel: "I will extend it. If I conclude that you're entitled to intervene or entitled to an extension, you're not going to have a problem here."

On December 1 the court denied the motion to intervene as untimely. The court reasoned that Truck Insurance had known for more than a year that its interests were on the line. The order denying intervention said nothing about extending the deadline to appeal. On December 2, 2011, Truck Insurance filed a notice of appeal purporting to appeal both the December 1 order denying intervention *and* the October 27 final judgment, although as to the latter, the notice was styled as a "conditional" appeal of the judgment "as it relates to class certification." CE Design moved to dismiss for lack of appellate jurisdiction. We took the motion with the merits of the case and now grant the motion and dismiss the appeal.

## II. Discussion

Truck Insurance's notice of appeal purports to appeal both the order denying its motion to intervene *and* the final judgment. The notice is untimely as to the latter; it was filed 36 days after the judgment was entered. The time to appeal the judgment had expired, and no extension had been granted.

Truck Insurance insists that the district court orally extended the time to appeal during the November 28 hearing on the intervention motion. Rule 4(a)(5) of the Federal Rules of Appellate Procedure authorizes the district court to extend the

time to appeal "if … a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires," FED. R. APP. P. 4(a)(5)(A)(i), except that "[n]o extension … may exceed 30 days after the prescribed time or 14 days after the date when the order granting the motion is entered," FED. R. APP. P. 4(a)(5)(C). The transcript of the November 28 hearing reflects that the court and counsel discussed the *possibility* of an extension of time to appeal but the discussion was contingent. The judge mentioned the availability of an extension of time under Rule 4(a)(5) and then stated as follows: "I will extend it. *If* I conclude that you're entitled to intervene or entitled to an extension, you're not going to have a problem here." (Emphasis added.) The context makes clear that the judge was announcing his willingness to grant a retroactive extension in the future, *not* that he was granting a prospective extension of the appeal period right then and there. The court's December 1 order denying the intervention motion makes no mention of extending the time to appeal, and Truck Insurance did not ask the court for a ruling on the matter.

Truck Insurance argues in the alternative that its appeal of the order denying intervention somehow saves its untimely appeal of the judgment or perhaps revives the time to appeal it. We do not see how. The statutory time limit to appeal provides as follows:

> Except as otherwise provided in this section, no appeal shall bring any judgment, order or decree in an action, suit or proceeding of a civil nature before a court of appeals for review unless notice

> of appeal is filed, within thirty days after the entry of *such judgment, order or decree*.

28 U.S.C. § 2107 (emphasis added). "Rule 4 of the Federal Rules of Appellate Procedure carries § 2107 into practice," *Bowles v. Russell*, 551 U.S. 205, 208 (2007), and similarly provides that the notice of appeal "must be filed with the district clerk within 30 days after entry of the judgment or order appealed from," FED. R. APP. P. 4(a)(1)(A). The text of the statute and rule makes clear that the 30-day clock runs from entry of the specific order or judgment appealed from. Here, the order denying intervention and the final judgment are distinct and separate appealable orders. Indeed, we have held that an order denying intervention is an immediately appealable "final decision" under 28 U.S.C. § 1291 even if the rest of the case remains pending and unfinished in the district court. *See Retired Chi. Police Ass'n v. City of Chicago*, 7 F.3d 584, 594 n.11 (7th Cir. 1993); *see also Purcell v. BankAtlantic Fin. Corp.* 85 F.3d 1508, 1511 n.2 (11th Cir. 1996). The timely appeal of the order denying the intervention motion thus has no bearing on whether the notice was timely vis-à-vis the judgment.

Truck Insurance relies on *Roe v. Town of Highland*, 909 F.2d 1097 (7th Cir. 1990), but that reliance is misplaced. In *Roe* we explained what a prospective intervenor in this situation should do when the district court has not yet ruled on its intervention motion and the deadline to appeal the underlying order or judgment is imminent:

> The putative class member can file an emergency motion with the district court detailing the need for a ruling so that a timely appeal may be taken.

> Indeed, the district court may enlarge the time for filing an appeal (up to 30 days), as permitted by Fed. R. App. P. 4(a)(5). Finally, if the motion to intervene has not been acted upon within the time to appeal, the putative class member should nonetheless file a timely notice of appeal. Although the filing of the notice would deprive the district court of power to act on the motion to intervene, the cause may be remanded for that purpose. … In short, a putative intervenor has several viable options for preserving the right of appeal until the district court rules on the intervention motion.

*Id.* at 1099–100 (internal quotation marks and citation omitted). Our decision in *Roe* establishes that a prospective intervenor in Truck Insurance's position must take some action prior to expiration of the appeal period to keep the window from closing: (1) secure a ruling on intervention; (2) secure an extension of the appeal deadline; or (3) file a protective "springing" notice of appeal before the time expires. Here, Truck Insurance let the appeal time lapse without doing any of these things.

Truck Insurance also relies on *In re Synthroid Marketing Litigation*, 264 F.3d 712 (7th Cir. 2001). There, a prospective intervenor was denied leave to intervene and filed a notice of appeal from the order denying intervention within the time period to appeal from the final judgment. But the putative intervenor did not file a notice of appeal *as to the judgment* until almost a year later—indeed, not until this court noted at oral

argument that it needed to file a "springing" notice of appeal. We nonetheless found that the prospective intervenor had kept the case alive; we said that "[w]ith today's decision th[e] [belated] notice [of appeal of the judgment] springs into effect (it is timely by analogy to Fed. R. App. P. 4(a)(2) because, until today, the objectors have not been entitled to appeal) and brings the district court's approval of the settlement before us." *Id.* at 716.

Our decision in *Synthroid* requires some elaboration. The opinion analogized to Rule 4(a)(2) of the Federal Rules of Appellate Procedure; that subsection of the rule provides that "[a] notice of appeal filed after the court announces a decision or order—but before the entry of the judgment or order—is treated as filed on the date of and after the entry" of the judgment or order. In other words, a premature notice of appeal filed after the court rules but before the order or judgment is formally entered sits on ice and becomes effective after the order or judgment is entered. This is a relation-*forward* rule, not a relation-back rule. Thus, Rule 4(a)(2) alone cannot not explain why the *Synthroid* appeal was deemed timely; on the day we announced our decision and declared that the belated notice of appeal had "spr[ung] into effect," the appeals period had been closed for over a year. But *Synthroid* stands for a sort of relation-*back* rule, too. That is, when a putative intervenor is granted the right to intervene by an appeals court, a "springing" or contingent appeal of the judgment must relate back to some previous date.

There are three possibilities: (1) the date the prospective intervenor moved for intervention; (2) the date the district

court denied the intervention motion; and (3) the date the intervenor filed a notice of appeal of the denial. In *Synthroid* all three dates were within the appeal period for the judgment itself. But of course *Roe* makes clear that it is not enough merely to move to intervene within the time to appeal the judgment; something more is required. Only the second and third possibilities justify the result in *Synthroid*.

Here, the district court denied the intervention motion *after* the time to appeal the judgment had closed, and Truck Insurance appealed the order denying intervention the next day. Obviously, both dates are outside the time period to appeal from the judgment. So even if *Synthroid* stands for a limited kind of relation-back rule, Truck Insurance does not benefit from it.[1]

Finally, Truck Insurance relies on *Flying J, Inc. v. Van Hollen*, 578 F.3d 569 (7th Cir. 2009). That case involved a prospective intervenor who filed a notice of appeal covering both the denial of intervention *and* the judgment before the expiration of the appeals period for the judgment, which had been extended by court order. *Id.* at 570–71; *see also* ECF Nos. 61 & 66, *Flying J, Inc. v. Van Hollen*, No. 08-cv-00110 (E.D. Wis. Mar. 16, 2009 & Apr. 2, 2009). The fact that the notice of appeal was filed before the time to appeal the judgment expired meant

---

[1] To the extent that *Synthroid* stands for a relation-back rule, it may not have survived the Supreme Court's decision in *Bowles v. Russell*, 551 U.S. 205 (2007). There, the Court held that courts are without authority to extend the deadline for appeals outside the express provisions of the relevant jurisdictional statutes and the rules. *Id.* at 206–07, 214. We need not decide today whether *Synthroid* survived *Bowles*.

that *Flying J* had no occasion to consider the problems addressed in *Roe* and *Synthroid* or the problem we address here. The case is not relevant.

The Supreme Court has recently reemphasized that the time limit to appeal is indeed jurisdictional, and litigants and courts alike must scrupulously observe the statutory requirements. *Bowles*, 551 U.S. at 214–15. Because Truck Insurance did not file a timely notice of appeal from the judgment, we lack jurisdiction to review the judgment.

The appeal of the order denying intervention is a different story. As we have noted, from the perspective of a disappointed prospective intervenor, the denial of a motion to intervene is the end of the case, so an order denying intervention is a final, appealable decision under 28 U.S.C. § 1291. *See Retired Chi. Police*, 7 F.3d at 594 n.11. Truck Insurance's notice of appeal was timely as to the district court's order denying intervention—indeed, it was filed the very next day.

But that does not end the inquiry. If we cannot grant any relief, our jurisdiction ceases. Because Truck Insurance did not timely appeal the judgment, it is now set in stone, and the reversal of the district court's intervention decision can secure no meaningful relief. We discussed this problem in *Synthroid*:

> Whether we can do anything for the intervenors now that they are parties is the next question. The intervenors appealed from the district court's denial of their motions to intervene, but not from the final judgment embodying the settlement. A decision reversing an order denying intervention usually leads to a remand, not

to a decision on the merits. … Yet there would be nothing to do on remand here; the settlement's approval ended the case.

264 F.3d at 715–16 (citation omitted). In *Synthroid* there was a solution: a timely springing appeal. But we already have disposed of that possibility here. The putative intervenors in *Synthroid* kept the case alive by appealing the denial of intervention within the appeals period for the judgment. That's not the case here. We lack jurisdiction to review the judgment, so "there would be nothing to do on remand here; the settlement's approval ended the case." *Id.* at 716. Put differently, even if we reversed the district court and authorized Truck Insurance to intervene, we can do nothing to help it.

We note for completeness that our recent decision in *Reliable Money Order* has eliminated Truck Insurance's argument on the merits of the intervention question. Truck Insurance sought to intervene for the purpose of reopening the settlement and decertifying the class based on misconduct by class counsel. In *Reliable Money Order* we upheld the district court's denial of class certification on the same claim of misconduct by these counsel. 704 F.3d at 501–02. Accordingly, appellate review of the district court's decision denying intervention would be doubly pointless.

APPEAL DISMISSED.