**NOT RECOMMENDED FOR PUBLICATION**
**File Name: 14a0338n.06**

**Nos. 13-3926, 13-3927, 13-3928, 13-3929, 13-3930 & 13-3931**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| RELIASTAR LIFE INSURANCE COMPANY, | ) ) | **FILED** Apr 29, 2014 DEBORAH S. HUNT, Clerk |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | |
| MKP INVESTMENTS; JEFFREY S. PARENTEAU, | ) ) | |
| Defendants, | ) ) | |
| and | ) ) | |
| IBERIABANK CORPORATION; JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, | ) ) ) | |
| Intervenors-Appellants. | ) ) | |
| | ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO |
| JOHN HANCOCK LIFE INSURANCE COMPANY, | ) ) | |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | |
| MKP INVESTMENTS; JEFFREY S. PARENTEAU, | ) ) | |
| Defendants, | ) ) | |
| and | ) ) | |
| IBERIABANK CORPORATION; JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, | ) ) ) | |
| Intervenors-Appellants. | ) ) | |

|  |  |
|---|---|
| PRINCIPAL LIFE INSURANCE COMPANY, | ) |
| | ) |
| Plaintiff-Appellee, | ) |
| | ) |
| v. | ) |
| | ) |
| MKP INVESTMENTS; JEFFREY S. PARENTEAU, | ) |
| | ) |
| Defendants, | ) |
| | ) |
| and | ) |
| | ) |
| IBERIABANK CORPORATION; JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, | ) |
| | ) |
| Intervenors-Appellants. | ) |
| | ) |

BEFORE:  GUY, GIBBONS, and GRIFFIN, Circuit Judges.

GRIFFIN, Circuit Judge.

IberiaBank Corporation ("IberiaBank") and JPMorgan Chase Bank, NA ("Chase") appeal the district court's denial of their motions to intervene in three separate declaratory judgment actions filed by several insurers against MKP Investments ("MKP").  We affirm.

I.

Many aspects of this case stem from allegations that MKP and its principals engaged in a variety of fraudulent schemes.[1]  The three insurers' declaratory judgment actions sought rulings that certain "key-man" life insurance policies that had been issued to MKP were void ab initio because, claimed the insurers, the policies had been fraudulently procured.  In the meantime, IberiaBank and Chase were independently pursuing remedies against MKP in separate civil

---

[1]We grant the parties' pending motions requesting that we take notice of certain materials filed in related civil and criminal cases.

actions predicated on MKP's conduct in obtaining loans from their respective financial institutions. IberiaBank filed a fraud action against MKP, but its claims against MKP remain pending and have not been reduced to a judgment. Chase, by contrast, obtained a civil judgment against MKP and filed a creditor's bill lawsuit against MKP, asserting an interest in MKP's assets, including MKP's interests in the insurance policies.

After the insurers filed their declaratory judgment actions, IberiaBank and Chase moved to intervene in the insurers' actions under Federal Rules of Civil Procedure 24(a) and (b). According to the banks, MKP's rights in the insurance policies were its sole assets. In the banks' view, their participation in the defense against the insurers' actions was necessary to protect their interests in MKP's receipt of the proceeds because if the insurers' actions were successful, any judgment that the banks had obtained or could obtain against MKP would be worthless.

The district court denied the banks' motions to intervene, holding that they had failed to demonstrate a substantial legal interest in the subject matter of the insurers' declaratory judgment actions, that any residual interest of the banks in the actions was adequately represented by MKP's participation in the lawsuits, and that the banks had failed to assert a common question of law or fact that would support permissive intervention. The banks filed this appeal. *See Purnell v. City of Akron*, 925 F.2d 941, 944–45 (6th Cir. 1991) (noting that an order denying a motion to intervene is an appealable order).

## II.

### A.

The banks first argue that the district court erred in denying their motion to intervene as a matter of right under Rule 24(a). In pertinent part, a district court "must" permit intervention if the proposed intervenor timely "claims an interest relating to the property or transaction that is

the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). We have explained this rule as requiring a proposed intervenor to show that "(1) the application was timely filed; (2) the applicant possesses a substantial legal interest in the case; (3) the applicant's ability to protect its interest will be impaired without intervention; and (4) the existing parties will not adequately represent the applicant's interest." *Blount-Hill v. Zelman*, 636 F.3d 278, 283 (6th Cir. 2011). This court reviews de novo the district court's determination of intervention as a matter of right, except that we review the district court's determination of the timeliness of an application for intervention only for an abuse of discretion. *Id.*

The banks spend much effort attempting to counter the district court's ruling that neither of them possessed a substantial legal interest in the insurers' actions against MKP. We are skeptical that they succeed. To be sure, this circuit "subscribe[s] to a rather expansive notion of the interest sufficient to invoke intervention of right," *Grutter v. Bollinger*, 188 F.3d 394, 398 (6th Cir. 1999) (citation and internal quotation marks omitted), and "an intervenor need not have the same standing necessary to initiate a lawsuit in order to intervene in an existing district court suit where the plaintiff has standing." *Providence Baptist Church v. Hillandale Comm., Ltd.*, 425 F.3d 309, 315 (6th Cir. 2005) (citation omitted). But our case law's requirement that the proposed intervenors possess "a significant legal interest in the subject matter of the litigation" is not without meaning. *Jansen v. City of Cincinnati*, 904 F.2d 336, 341 (6th Cir. 1990). Instead, the applicant for intervention "must have a direct and substantial interest in the litigation," *Grubbs v. Norris*, 870 F.2d 343, 346 (6th Cir. 1989), such that it is a "real party in interest in the

transaction which is the subject of the proceeding." *Providence Baptist Church*, 425 F.3d at 317 (quoting *Mich. State AFL-CIO v. Miller*, 103 F.3d 1240, 1246 (6th Cir. 1997)).

For example, a putative intervenor does not possess the requisite interest where its "primary interest" in the litigation is to preserve a party's financial viability in order to protect the intervenor's own economic interests in the party's continued solvency. *Blount-Hill v. Bd. of Educ. of Ohio*, 195 F. App'x 482, 486 (6th Cir. 2006) (rejecting as insufficient an applicant's interest in "preserv[ing] the constitutionality of the community school's funding structure so that [the applicant] might continue to contract with community schools"). Thus, an applicant is not due intervention as a matter of right where the applicant seeks only to protect the assets of a party to the litigation in order to ensure that its own contingent claims to those assets remain valuable in the future. *See United States v. Tennessee*, 260 F.3d 587, 595 (6th Cir. 2001) (rejecting as insufficient the proposed intervenor's "economic interest in assuring adequate funding for implementation of the settlement agreements and its contractual rights in agreements"). *See also Med. Liab. Mut. Ins. Co. v. Alan Curtis LLC*, 485 F.3d 1006, 1008–09 (8th Cir. 2007) (applicant's interest in "ensur[ing] that the defendants in her state lawsuit have sufficient resources to satisfy any judgment she might obtain against them" was insufficient to support intervention as a matter of right); *Mothersill D.I.S.C. Corp. v. Petroleos Mexicanos, S.A.*, 831 F.2d 59, 62–63 (5th Cir. 1987) (same principle).

IberiaBank admits that it does not possess a judgment against MKP, yet it insists that it is entitled to intervene in the insurers' actions in order to protect its contingent interests in the policy proceeds because they are the only assets that could potentially be applied to a future judgment that IberiaBank might obtain against MKP. IberiaBank, in other words, seeks to

protect its own future economic interests by warding off the insurers' challenge to the value of MKP's pool of assets.

But the "circuits have generally concluded that a party may not intervene in support of a defendant solely to protect judgment funds that the party wishes to recover itself." *Deutsche Bank Nat. Trust Co. v. F.D.I.C.*, 717 F.3d 189, 195 (D.C. Cir. 2013). And for good reason: construing Rule 24(a) as barring intervention as of right where the proposed intervenor's "sole interest in the present action is in the prospective collectability of a debt" avoids the significant practical implications of an opposite interpretation. *United States v. Alisal Water Corp.*, 370 F.3d 915, 920 (9th Cir. 2004). If "an allegedly impaired ability to collect judgments arising from past claims" sufficed to confer a right to intervention, then "virtually any creditor of a defendant [could] intervene in a lawsuit where damages might be awarded." *Id.* Stretching Rule 24(a) to apply to IberiaBank's circumstances here would permit intervention as a matter of course by even a contingent creditor of almost any defendant. We decline to adopt such an expansive view of the Rule, which would broadly extend the right of intervention to anyone who "might anticipate a benefit from a judgment in favor of one of the parties to a lawsuit." *Flying J, Inc. v. Van Hollen*, 578 F.3d 569, 571 (7th Cir. 2009). *See also id.* ("The reason [for narrowly construing intervention as a matter of right] is practical, and also obvious: the effects of a judgment in or a settlement of a lawsuit can ramify throughout the economy, inflicting hurt difficult to prove on countless strangers to the litigation.").

Chase's argument shares similarities with IberiaBank's, with the added wrinkle that it has already obtained a judgment against MKP and has filed a creditor's bill lawsuit that, claims Chase, gave it an equitable interest in MKP's interests in the insurance policies. It is an open question whether, for purposes of Rule 24(a), Chase's circumstances or interests are

fundamentally different than those of IberiaBank. At bottom, Rule 24(a) does not entitle creditors to intervene in unrelated litigation merely to protect the assets of those who owe them debts, and it is not evident that a creditor's lien alters that analysis. *See Alisal*, 370 F.3d at 920 n.3 ("A mere interest in property that may be impacted by litigation is not a passport to participate in the litigation itself. To hold otherwise would create a slippery slope where anyone with an interest in the property of a party to a lawsuit could bootstrap that stake into an interest in the litigation itself."). On the other hand, to the extent that Chase has obtained an equitable interest in the policies that were issued to MKP, its intervention arguably may be purposed to defend a direct, "legally protectable" interest rather than a contingent one—its own property interests rather than those of MKP. *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 464 (5th Cir. 1984) (citing *Donaldson v. United States*, 400 U.S. 517, 531 (1971)). *See also Liberty Mut. Ins. Co. v. Treesdale, Inc.*, 419 F.3d 216, 222–23 (3d Cir. 2005) (noting that property interests that are enforceable in equity may be sufficient to support intervention as of right); *Diaz v. S. Drilling Corp.*, 427 F.2d 1118, 1124 (5th Cir. 1970) ("Interests in property are the most elementary type of right that Rule 24(a) is designed to protect.").

But we do not need to decide this issue in this case. Even if Chase's equitable lien places it in somewhat of a stronger position than IberiaBank on the "substantial legal interest" prong, we agree with the district court that both banks' interests in the insurers' declaratory judgment actions are adequately represented by MKP and that the banks are therefore not entitled to intervene as a matter of right. "Applicants for intervention bear the burden of proving that they are inadequately represented by a party to the suit." *United States v. Michigan*, 424 F.3d 438, 443 (6th Cir. 2005). Although it is true that a proposed intervenor must show only "that there is a *potential* for inadequate representation," *Grutter*, 188 F.3d at 400, a presumption of adequate

representation arises when a putative intervenor "share[s] the same ultimate objective as a party to the suit." *Michigan*, 424 F.3d at 444. An applicant for intervention as of right "fails to meet his burden of demonstrating inadequate representation" if he cannot show "collusion . . . between the representatives and an opposing party," pursuit by the representative of an interest adverse to the interests of the proposed intervenor, or a representative's failure "in the fulfillment of his duty." *Bradley v. Milliken*, 828 F.2d 1186, 1192 (6th Cir. 1987); *see Jansen*, 904 F.2d at 343.

The banks have not overcome the presumption here. The banks and MKP share the same ultimate objective in the insurers' declaratory judgment actions; namely, to defeat the insurers' attempt to rescind the policies and avoid a payout. The banks insist that MKP does not share their interests in securing the proceeds of the policies in order to apply them against the banks' present and potential judgments against MKP. But this argument misses the point. The banks' interest in the lawsuits in question—the insurers' declaratory judgment actions—is identical to MKP's interest in those lawsuits. And while the respective interests do not need to be "wholly" adverse in order to support intervention, they must at least be different. *Purnell*, 925 F.2d at 950. The banks have not identified any difference between their desired resolution to the declaratory judgment actions and the outcome desired by MKP in those actions. Regardless of the fact that MKP and the banks may have different designs for the policy proceeds if the insurers ultimately are forced to pay upon the policies, their interests in the resolution of the pending declaratory judgment actions are exactly the same.

For the most part, the banks wish to intervene in order to enter into the pending lawsuits on MKP's behalf, which in their view would give MKP a better chance of defeating the insurers' claims against it. At this stage, then, the banks' interests are wholly aligned with those of MKP. Contrary to the banks' argument, these circumstances do not pose the potential of competing

claims that would suggest that intervention is appropriate. *See Purnell*, 925 F.2d at 950 (representative did not adequately represent proposed intervenor's interests where the respective interests "are in competition in the sense that both want full recovery from what may be limited damages").

And there is nothing to support the banks' assertion that MKP cannot fend for itself or will only litigate the insurers' action half-heartedly. *See B. Fernandez & Hnos., Inc. v. Kellogg USA, Inc.*, 440 F.3d 541, 546 (1st Cir. 2006) (noting that a proposed intervenor bears a relatively higher burden of proving inadequacy of representation where it does not possess unique interests). The banks contend that MKP has no assets and is unable or unwilling to fully defend against the insurers' actions, especially because any proceeds of the policies may ultimately flow to the banks rather than be retained by MKP. But the banks have not cited anything in the record to substantiate their conclusory assertions that MKP, which is represented by counsel and is defending itself in the insurers' actions, is failing to fulfill its duties in protecting the interests that it and the banks share. *See Bradley*, 828 F.2d at 1192. They have therefore failed to show that their participation in the insurers' actions against MKP is necessary. The district court did not err in refusing to grant the banks' motions to intervene as a matter of right.

B.

The banks also contend that the district court abused its discretion in denying their motion to intervene under Rule 24(b), under which the court "may" permit intervention by anyone who "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). *See Michigan*, 424 F.3d at 445 (district court's denial of permissive intervention is reviewed for an abuse of discretion). "To intervene permissively, a proposed intervenor must establish that the motion for intervention is timely and alleges at least

one common question of law or fact." *Id.* If these two requirements have been established, the district court must "balance undue delay and prejudice to the original parties, if any, and any other relevant factors to determine whether, in the court's discretion, intervention should be allowed." *Id.*

The district court here found that the banks had failed to articulate a common question of law or fact inasmuch as they requested leave to intervene based solely on their interests in the proceeds of the insurance policies. Our review of the district court's ruling and the parties' arguments convinces us that the district court did not abuse its discretion in denying the banks' motions for permissive intervention. We therefore decline to disturb its ruling.

III.

For these reasons, we affirm the judgment of the district court.